## IMO OIL & GAS CO. v. CHAS. E. KNOX OIL CO. et al.

No. 17270—Opinion Filed Oct. 19, 1926.

**1. Judgment—Controlling Portion—Enforcement.**

Where a journal entry of judgment contains the words, "It is by the court ordered, adjudged, and decreed," the order following these words is the final and controlling portion of the judgment of the court, and where the same is clear and unambigous, this court will give effect to the order, judgment, and decree therein rendered.

**2. Same—Oil and Gas—Cancellation of Lease in Part—Surviving Rights of Lessee.**

Where a judgment of a court cancels an oil and gas lease on a portion of the leased premises, but reserves to the lessee his rights under his then existing lease upon a part thereof designated and set apart, the said lessee has the right to assign, drill upon, or manage the reserved portion under the terms of his lease, the same as if it had not been canceled upon the other part.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Garfield County; Chas. Swindall, Judge.

Action by the Imo Oil & Gas Company against Charles E. Knox Oil Company, and Charles E. Knox, to prevent the drilling of an oil well on a certain tract of land adjacent to its property. Judgment for defendants, and plaintiff brings error. Affirmed.

Harry O. Glasser, for plaintiff in error.

Simons, McKnight, Simons & Smith, for defendants in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Garfield county, Okla., by the Imo Oil & Gas Company, a corporation, plaintiff in error, plaintiff below, against the Charles E. Knox Oil Company, a corporation, and Charles E. Knox, defendants in error, defendants below, to prevent defendants in error from drilling an oil well on a 10-acre tract adjacent to 150 acres leased for oil and gas mining purposes by the plaintiff in error.

The parties will be referred to as plaintiff and defendants as they appeared in the lower court.

In the amended petition, filed by plaintiff on December 14, 1925, among other things, it is alleged that one R. E. Hoy is the owner of the southwest quarter of section 31, town-

ship 22 north of range 3, in Garfield county, Okla.; that the plaintiff is the owner of an oil and gas mining lease upon all of said section, save and except the northwest 10 acres thereof; that at the time R. E. Hoy purchased the said quarter section, he took the title thereto subject to an oil and gas mining lease upon the whole quarter section then held by the Empire Gas & Fuel Company, a corporation; that the Empire Gas & Fuel Company drilled one well located on the northwest 10 acres; that upon the failure of the Empire Gas & Fuel Company to further drill, R. E. Hoy, brought an action in the district court of Garfield county to cancel the oil and gas lease on the entire quarter section, which action resulted in a judgment in favor of R. E. Hoy against the Empire Gas & Fuel Company, canceling the lease as to the 150 acres now held by the plaintiff under an oil and gas mining lease, but that in said judgment it was ordered, adjudged, and decreed that the 10 acres in the northwest quarter of the said quarter section was reserved to the Empire Gas & Fuel Company on account of the well then located thereon, and the title to the remaining part of the said 160 acres was quieted in the said R. E. Hoy, and the Empire Gas & Fuel Company was dispossessed of all interest in the remaining 150 acres; that well No. 1 was disconnected October 26, 1925, but was later cleaned out and shot in November, 1925, and then abandoned; that the said R. E. Hoy leased the 150 acres for oil and gas mining purposes to the plaintiff, and the plaintiff drilled three producing wells thereon at an expenditure of large sums of money; that the Empire Gas & Fuel Company had assigned their rights to the oil and gas lease on the 10 acres, reserved to it in said judgment, to the defendants, and that the defendants are now engaged in making preparations to commence the drilling of an oil well immediately against the line of said 10-acre tract adjoining the plaintiff's lease, and that they have heretofore completed the drilling of well No. 2 upon said 10 acres, which well is producing a large volume of high grade crude oil, and located within 16 feet and three inches of plaintiff's well No. 3, and that the location of defendants' well No. 3 is 22 feet from plaintiff's line; that the defendants' well No. 2 is draining the oil, and the one defendants are preparing to drill would also drain the oil out from under the lands covered by plaintiff's lease; that the defendants are without right in the premises and had no right to drill their No. 2 or to drill any other wells upon the 10 acres reserved by the judgment. A copy of the

judgment is attached, and a plat showing the location of the wells of plaintiff and defendants is also attached as exhibits and made a part of the petition.

The defendants filed separate demurrers upon three grounds: That the petition did not state facts sufficient to constitute a cause of action; that there is a defect of parties defendant; and that the plaintiff has no legal capacity to sue.

Upon a hearing of the demurrers the court sustained the demurrers, and the plaintiff declined to plead further, and elected to stand upon its amended petition, and the court thereupon dismissed the action and rendered judgment against the plaintiff and in favor of the defendants for costs, to which action of the court the plaintiff duly excepted and the cause comes regularly upon appeal to this court for review.

The question presented by attorney for plaintiff in error in his brief is based solely upon the contention that the 10-acre reservation, described in the judgment to the Empire Gas & Fuel Company, was for the purpose of protecting well No. 1, drilled by said company, and that the said Empire Gas & Fuel Company, or its assigns, had no right to drill other wells upon the acreage. An examination of the judgment discloses in the final order that the lease on the entire 160 acres was canceled as to 150 acres of the tract and the 10 acres in the northwest corner were reserved to the Empire Gas & Fuel Company in the following language:

"* * * The said defendant company shall retain such rights and interest in said land as was and is conferred by said lease; and no other rights or interest shall be exercised or remain in said defendant company upon any of the remaining part of said southwest quarter (S.W.¼) of section thirty-one (31), township twenty-two (22), north, range three (3) W. I. M."

Whatever may appear in the journal entry preceding the final order, commencing with the word, "Wherefore," that part of the journal entry following the words, "It is by the court ordered, adjudged, and decreed," as copied above, controls and is the final order of the court as to said cause. The language of the court is plain and unambiguous, and the Empire Gas & Fuel Company retained all rights guaranteed to it in the original lease, that is to say, the right to sell, transfer, assign or operate the same.

The record discloses that it sold and assigned its leasehold interest in the 10 acres to the defendants in this case; that the defendants were drilling well No. 2 on the 10 acres

on the 17th day of August, 1925, the date the original petition was filed in this cause; that said well had been completed at a date not disclosed, but prior to the filing of the amended petition in this cause, which was filed on the 14th day of December, 1925. Well No. 1 had not been disconnected at the time this suit was originally filed and work and labor continued to be performed on well No. 1 until sometime in November, 1925. The plaintiff had only such rights in the 150 acres, leased to him by R. E. Hoy, the landowner, as were guaranteed to it by the terms of its lease, and in the exercise of its rights, under its lease, as shown by the plat filed with the petition, drilled its well No. 1 within 23 feet of the east line of the 10 acres, reserved to the Empire Gas & Fuel Company, and drilled its third well within 33 feet of the east line of the 10 acres, above referred to. So that, if there were any breach of a custom or a "gentleman's agreement," the plaintiff was the first to breach it, and was guilty of the first and second offenses by crowding the east line of the 10 acres. The defendants were clearly within their rights in their attempt to guard their east line when they drilled their well No. 2 within 16 feet and three inches of the line, and, under the circumstances and facts in this case, are entitled to drill the third well within 22 feet of the south line of the 10 acres, and the plaintiff cannot complain in equity against defendants for protecting themselves against its own aggressions.

There is another and stronger reason why the plaintiff cannot prevail in this case, and that is, that the plaintiff had no interest in this 10 acres, either in the title or the oil under it, except what it can obtain by drilling wells on its own lease. The land and royalty interest belong to R. E. Hoy, the landowner, and he is not complaining, and he is the only person who has a right to complain.

In a long list of cases it has been held that the lessee, under an oil and gas mining lease, may locate his wells where he pleases. In our own court, in the case of Galt et al. v. Metscher et al., 103 Okla. 271, 229 Pac. 522, in a case where a well was drilled within four feet of the line between two 80-acre tracts of land, it was held by the court that the royalty interest from oil produced from the well belonged to the owner of the 80 acres, upon which the well was drilled, although both 80-acre tracts were covered by one lease, made by the owner of the 80 acres upon which the well was drilled, and who

conveyed the other 80-acre tract to another party after the lease was executed. It was further held in said case, in effect, that the location of an oil or gas well upon any lease, being operated as a whole, remains within the discretion of the lessee.

In the case of Wettengel v. Gormley, 160 Pa. 559, 28 Atl. 934, it was held that:

"The lessee may locate his wells where he pleases, regardless of the interests of the devisees or lessor."

The above case goes into detail as to the vagrant character of the oil fluid, and is followed in the case of Barnard et al. v. Monongahela, 65 Atl. 801-803, which holds that a landowner may drill an oil well on his farm, though he may draw from an oil well on adjoining lands, and "the only remedy of an adjoining landowner, whose oil is drawn upon, is to drill a well on his own land."

The Supreme Court of Texas has a number of decisions to the same effect. See the case of Gillette v. Mitchell et al. (Tex. Civ. App.) 214 S. W. 619, in which the Wettengel Case, supra, is quoted with approval, and in which a long list of authorities are cited in support of this principle.

We are clearly of the opinion that the plaintiff in the instant case has no right to maintain this action against the defendants, for the reason that it has no right, title, or interest, legal or equitable, in or to the 10-acre tract of land, described in the petition, or any lease thereon, or any interest in the royalty, and is a stranger to the title to said 10-acre tract; that the judgment of the court, reserving the 10-acre tract to the Empire Gas & Fuel Company, gave to said company all the rights it had in its lease so far as the 10-acre tract of land so reserved is concerned, and no one has the right to complain of the acts of the defendants, except the owner of the land or someone having an interest in the oil and gas rights pertaining thereto, none of which rights are possessed by the plaintiff in this action, and that the trial court was correct in sustaining the demurrers of the defendants to the amended petition of plaintiff and dismissing the action.

We are therefore of the opinion that the judgment of the trial court should be, and it is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 503, §794 (Anno). (2) 40 C. J. p. 1093, §715.