2010 OK CIV APP 42

**In re the Marriage of John Perrie HUSBAND, Petitioner/Appellee,**

v.

**Darlene Marie HUSBAND, Respondent/Appellant.**

No. 106,584.

Court of Civil Appeals of Oklahoma, Division No. 4.

Nov. 24, 2009.

Rehearing Denied March 18, 2010.

Julie D. Strong, Clinton, OK, for Petitioner/Appellee.

Lauren LeBlanc Day, Newalla, OK, for Respondent/Appellant.

KEITH RAPP, Judge.

¶1 The trial court respondent, Darlene Marie Husband (Wife), appeals from a Decree of Dissolution of Marriage in an action brought by petitioner, John Perrie Husband (Husband).

## BACKGROUND

¶2 After forty-five years of marriage, Wife petitioned for separate maintenance. The trial court entered a separate maintenance decree on April 11, 2005. Both parties, represented by counsel, agreed to its terms.[1]

¶3 In 2005, both parties had individual retirement accounts. The income from Husband's account is greater than the income from Wife's account. In the Separate Maintenance Decree, the court ordered:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that petition-

---

1. Wife, Tr. p. 40. Husband, Tr. p. 10. This Decree was admitted into evidence as Respondent's Ex. 1, Tr. pp. 18–19.

er should be and petitioner is hereby awarded as her sole and separate property, free and clear of any claims, rights or interest whatsoever of the respondent, the following:

. . . .

C. Petitioner's retirement with Southern California Edison Company.

. . . .

And the respondent should be and respondent is hereby awarded as his sole and separate property, free and clear of any claims, rights or interest whatsoever of the petitioner, the following:

. . . .

D. Respondent's retirement with Southern California Edison Company.

¶ 4 The Separate Maintenance Decree further provided that Husband was to pay Wife $18,000 as support alimony, payable at $300 per month over a period of five years. It further provided that Husband's obligation to pay would terminate upon the death or remarriage of Wife, but was silent regarding cohabitation.

¶ 5 Sometime in 2007, Wife began cohabiting with another man. Husband paid his alimony installments until December 2007, when he unilaterally stopped because of Wife's cohabitation. Husband did not pay the January or February installments.[2]

¶ 6 In February 2008, Husband filed a petition for dissolution of the marriage.[3] Wife filed a cross-petition in which she asked for a division of marital property, specifically, for purposes of this appeal, to divide both retirement accounts into equal shares. She also asked for support alimony, accrued alimony and attorney fees. Wife and Husband testified at trial.

¶ 7 Husband testified that the Separate Maintenance Decree accurately reflected the parties' agreement.[4] He stated that this Decree fully and finally resolved all property issues, including the retirement accounts.[5] Husband also testified as to his income and expenses, stating that he had no extra money. He acknowledged that he has a female in his life.

¶ 8 Wife testified that she believed the division of the retirement accounts where each retained their own retirement account to be fair. However, she qualified her statement by stating that by "retain" that she meant only a separation basis but not a permanent basis and denied any intent to permanently divide the accounts as reflected in the Separate Maintenance Decree.[6] She stated that the separation agreement would continue until their death.[7] She testified as to her income and expenses, stating that she needed the support alimony. She acknowledged that her male friend was contributing to rent and food expenses.

¶ 9 The trial court ruled that there was no marital property to divide because the division had been accomplished in the Separate Maintenance Decree. The court interpreted the Separate Maintenance Decree to provide a final division of all of the parties' property.[8] The trial court denied Wife's plea for division of the retirement accounts.

¶ 10 The court awarded Wife a judgment in the amount $1,379 as unpaid alimony from December 2007 through February 2008 plus the deduction Husband had made earlier.[9] Wife maintains that she was entitled to additional support alimony to the date of trial in October 2008. Both parties were directed to pay their own costs and attorney fees.

¶ 11 Wife appeals. She also seeks appeal-related attorney fees.

---

2. In an earlier installment, Husband had deducted money he claimed as expenses from the sale of other of the parties' property. The trial court included this amount, along with the December through February installments, in the Decree of Dissolution as part of a judgment against him for alimony not paid. Husband did not appeal.

3. The petition was assigned a new case number.

4. Tr. p. 10.

5. Tr. pp. 11–12.

6. Tr. pp. 40–41.

7. Tr. pp. 50–51.

8. Court Minute. Rec. p. 14, at 15.

9. See Court Minute. Rec. p. 14.

## STANDARD OF REVIEW

¶ 12 The first issue in this appeal is whether the trial court that entered the Separate Maintenance Decree had jurisdiction to make a final property division between the parties. The appellate court reviews *de novo* a question concerning the jurisdictional power of the trial court to act as it did. *Jackson v. Jackson,* 2002 OK 25, ¶ 2, 45 P.3d 418, 421–22.

¶ 13 The second issue is whether Wife should be awarded attorney fees. The decision as to whether to award attorney fees in a divorce action or related proceeding is within the discretion of the court and the award involves judicial balancing of the equities. 43 O.S. Supp.2008, 110(C) and (D); *Jackson v. Jackson,* 2002 OK 25, ¶ 21, 45 P.3d 418, 429; *Barnett v. Barnett,* 1996 OK 60, ¶¶ 14–15, 917 P.2d 473, 477–78. In actions of equitable cognizance, the judgment made by the trial court will be reversed if it is clearly contrary to the weight of the evidence or contrary to accepted principles of equity or rules of law. *In re Estate of Eversole,* 1994 OK 114, ¶ 7, 885 P.2d 657, 661. Abuse of discretion means that the appellant must show that the trial court made a clearly erroneous conclusion and judgment against reason and evidence. *Broadwater v. Courtney,* 1991 OK 39, ¶ 7, 809 P.2d 1310, 1312.

## ANALYSIS AND REVIEW

### A. Husband's Application to Supplement Record.

¶ 14 Husband filed an Application to amend the record with a copy of Husband's *pro se* answer in the Separate Maintenance action filed in the trial court in November 2004.[10] The answer denies that Wife is entitled to any of the things she requested and alleges that the parties should be divorced instead. The answer's relevance would be to show that the original action was not simply an action for separate maintenance, but had expanded to become one for divorce also.

¶ 15 In his Application, Husband states that the trial court took judicial notice of all pleadings in the Separate Maintenance action. However, the record indicates that the trial court was asked to and did take notice only of the Decree.[11]

¶ 16 The District Court Clerk submitted the document and it was filed April 20, 2009. The case was assigned to this Court May 27, 2009.

¶ 17 Wife resists the Application. She states that the Application is too late. Second, she asserts that Husband mistakenly argues that she is attacking the validity of the Separate Maintenance Decree. However, her appellate position is that the Separate Maintenance Decree provision for the property constitutes a temporary order only and that the court there had no jurisdiction to enter a final property division. She does not challenge the authenticity of the answer document, nor does she point to any prejudice to her appeal from permitting the amendment to the designation of record.

¶ 18 Under the Rules of the Supreme Court, a counter-designation of the Record is to be filed within twenty days after the appellant's designation is filed. Okla. Sup.Ct. R. 1.28(c), 12 O.S.2001, ch. 15, app. Form 11 is the prescribed form for designation of the record and that form contemplates an amended designation, but the Rules do not set a time limit for amendments.[12]

¶ 19 Judicial notice permits a trial court to dispense with formal proof of facts that are the subject of judicial notice. In general, while an appellate court may take judicial notice of its own records, it cannot notice material which, though properly available for notice by the trial court from which the case came, has not been incorporated into the record on appeal. *Reeves v. Agee,* 1989 OK 25, 769 P.2d 745 n. 15.

---

10. The Supreme Court deferred ruling on the Application to the reviewing Court.

11. Tr. p. 18. Wife designated, and the court clerk included, her petition for separate maintenance. This document also is not part of the divorce trial record for the same reason that Husband's answer is not part of the divorce trial record. However, the parties' briefs agree that Wife initiated a Separate Maintenance action.

12. The appellate court may order any part of the record not designated. Okla. Sup.Ct. R. 1.28(h), 12 O.S.2001, ch. 15 app.

¶ 20 Here, Husband's answer in the original action is not a part of the record of the case under review. With the exception of the Separate Maintenance Decree, none of the records of the original action are part of the case now on appeal. Thus, Husband seeks to add to the appellate record matter that is not in the record. The Application to Amend the Designation of Record is therefore denied.

### B. Finality of Property Division.

 ¶ 21 Recitals in a journal entry of judgment are taken as true and correct and are prima facie proof of the facts stated therein where not impeached or contradicted by the record. *Haskett v. Turner*, 1955 OK 329, 290 P.2d 133 (Syl. 1). Furthermore, where a journal entry of judgment contains the words, "It is by the court ordered, adjudged and decreed," the order following these words is the final and controlling portion of the judgment of the trial court, and, where the same is clear and unambiguous, this Court will give effect to the order, judgment and decree therein rendered. *Jackson,* 2002 OK 25 at ¶ 16, 45 P.3d at 427; *Imo Oil & Gas Co. v. Charles E. Knox Oil Co.,* 1926 OK 842, ¶ 5, 120 Okla. 13, 250 P. 117, 118.

¶ 22 Here, the Separate Maintenance Decree unequivocally divides the parties' property. Moreover, a division is certainly in accord with Husband's evidence. It must be noted also that Wife considered the division permanent for the separation, or until one of them died.[13] The parties took permanent possession of their portions of the remaining personal property. The residence was sold and the cash proceeds were divided equally, with neither party claiming any interest in the other party's share.

¶ 23 However, Wife relies upon *Clay v. Sun River Mining Co.,* 302 F.2d 599 (10th Cir.1962), for the proposition that a trial court has no power to divide property in an action for separate maintenance, under 43 O.S.2001, 129.[14] The *Clay* Court distinguished an action brought under 43 O.S.2001, 108, on the basis that the action under Section 108 began as a divorce action, but was transformed into an action for separate maintenance.[15] *Clay,* 302 F.2d at 601–02.

¶ 24 The *Clay* Court reached its conclusion upon analysis of several Oklahoma cases. *Strong v. Strong,* 1956 OK 156, 299 P.2d 148; *Anderson v. Anderson,* 1929 OK 346, 140 Okla. 168, 282 P. 335; *Lewis v. Lewis,* 1913 OK 561, 39 Okla. 407, 135 P. 397. All of these cases described alimony without divorce, or separate maintenance, as nonpermanent provisions for support until reconciliation or divorce. For example, *Strong* was a separate maintenance action by the wife where the husband appealed a lump sum award in addition to alimony. In finding the lump sum award to be excessive, the Court noted:

> It is to be remembered that alimony as separate maintenance is not the same as alimony upon a divorce. Separate maintenance contemplates a continuance of the marriage and it is for the present needs of the wife alone, pending a reconciliation or a permanent dissolution of the relationship. . . . It is not for the purpose of finally determining their property rights.

> That the parties appear to be in equal wrong shall not be a basis for refusing to grant a divorce, but if a divorce is granted in such circumstances, it shall be granted to both parties. In any such case or where the court grants alimony without a divorce or in any case where a divorce is refused, the court may for good cause shown make such order as may be proper for the custody, maintenance and education of the children, and for the control and equitable division and disposition of the property of the parties, or of either of them, as may be proper, equitable and just, having due regard to the time and manner of acquiring such property, whether the title thereto be in either or both of said parties.

13. Tr. p. 50.

14. When *Clay* was decided, the statute was codified as 12 O.S.1961, 1284. The statute provides:

> The wife or husband may obtain alimony from the other without a divorce, in an action brought for that purpose in the district court, for any of the causes for which a divorce may be granted. Either may make the same defense to such action as he might to an action for divorce, and may, for sufficient cause, obtain a divorce from the other in such action.

15. When *Clay* was decided the statute was codified as 12 O.S.1961, § 1275. The statute provides:

*Strong,* 1956 OK 156 at ¶ 5, 299 P.2d at 151 (citations omitted).

¶ 25 However, the trial court and Husband rely on *Woodroof v. Barrington,* 1947 OK 247, 199 Okla. 125, 184 P.2d 771. The Court held:

In an action for divorce, alimony, and the division of jointly acquired property, where the plaintiff, upon submission of the cause to the court, in open court withdraws her prayer for divorce and asks only for separate maintenance, and division of the jointly acquired property of the parties, and the defendant consents to such modification, and the court, without objection on the part of the defendant, decrees a division of the jointly acquired property, such judgment, as to the settlement of property rights, is not void as beyond the power of the court, and the subsequent reconciliation of the parties does not affect their property rights under the judgment.

*Woodroof,* 1947 OK 247, 199 Okla. 125, 184 P.2d 771 (Syl. 1).

¶ 26 There, Woodroof, the husband, sued the executor of the wife's estate for the purpose of recovering property awarded to her. The record consisted of the pleadings and papers of the original domestic relations case. Wife had sued for divorce and division of property. However, she then advised the court, after initiation of the divorce action, that she desired separate maintenance and a property division and the husband agreed. The court then granted wife's request and divided the property, directing that the parties execute conveyances.

¶ 27 Here, Wife argues that *Woodroof* may be distinguished from *Strong* and the other cases because it began as a divorce action and that the *Woodroof* Court did so distinguish it. The Court stated:

Examination of all these cases discloses that in each the action was originally brought for alimony or separate maintenance without divorce under the provisions of the section above cited. In them the court held, either inferentially or expressly, that in an action brought only for alimony or separate maintenance, the trial court was without authority to divide the property of the parties. The factual differences

between those cases and the case at bar render the decisions inapplicable to the instant case.

*Woodroof,* 1947 OK 247 at ¶ 4, 199 Okla. 125, 184 P.2d at 772.

¶ 28 However, the Court went on to decide the case in favor of the wife's estate. The Court cited *Barker v. Barker,* 1924 OK 88, 232 P. 371, where neither party sought a divorce, but both sought a division of property because they were separated. The *Barker* Court ruled that the court had a duty to make a disposition of the property. The *Woodroof* Opinion then concluded:

We perceive no substantial distinction in cases where, although grounds for divorce are established, the right to a divorce is waived or relinquished, and in cases where, although a divorce is sought, it is denied by the trial court. Whether in such cases the divorce is not sought by the parties, or whether it is sought, but not granted by the trial court, their situation, in so far as the right to the division of the property is concerned, is identical. We think that section 1275 applies to all such cases where a divorce is not granted, and that in such cases whether or not jointly acquired property should be divided is left to the sound discretion of the trial court. It would be inconsistent with reason and justice to hold that where a divorce is refused by the trial court the jointly acquired property may be divided, but that where the right to divorce is waived or renounced by the parties the court is without power to divide the jointly acquired property, although the evidence shows good cause for such division.

*Woodroof,* 1947 OK 247 at ¶ 14, 199 Okla. 125, 184 P.2d at 774–75.

¶ 29 In *McAdoo v. McAdoo,* 1929 OK 210, 137 Okla. 12, 277 P. 943, the wife sued her husband for separate maintenance, custody of minor children, and possession of property. The husband filed a cross-action praying for a divorce and other relief relating to property rights and custody of minor children. No divorce was granted, but the court had authority and jurisdiction to order and decree the equitable division of the property of the parties. In *Banta v. Banta,* 1949 OK

198, ¶ 4, 202 Okla. 86, 210 P.2d 346, 347, the Court stated, "No question is raised as to the right of the trial court to make the division of property although no divorce is granted, as the court's right to do this is clear." [16]

■ ¶ 30 After close reading of the lines of cases, this Court concludes and holds that a trial court has the authority to decree a division of property under 43 O.S.2001, 108, in the following circumstances:

1. In an action initiated and concluded as a divorce case, including an action where one party counter-petitions for a divorce.

2. In an action initiated as a divorce case, but concluded as a separate maintenance decree.

3. In an action initiated as a separate maintenance action and concluded as such where:

 a. One or both parties ask for a property division; and

 b. The grounds for a divorce are established although a divorce is not granted, and the likelihood of reconciliation is remote.

■ ¶ 31 The case here comes within the third category. The parties agree that the original action began and concluded as a separate maintenance action.[17] Husband's testimony, although somewhat disputed, supports the conclusion that the parties agreed to a final disposition of their property and their actions with regard to their residence and personal property are consistent with such an agreement.[18] Last, the Separate Maintenance Decree makes a finding that the parties are incompatible.[19] Neither party's testimony gave any hint of potential reconciliation. Wife's testimony indicated that the separation would continue until death.[20]

¶ 32 Therefore, when entering the Separate Maintenance Decree the trial court had the authority to finally divide the parties' property and did so in accordance with their agreement and in recognition that the possibility of reconciliation was remote. Consequently, upon entering the Dissolution of Marriage Decree, the trial court did not err in finding that there was no property to divide and that such division had been previously accomplished.

## C. Attorney Fees.

■ ¶ 33 Wife seeks attorney fees in the trial and on appeal. The statutes authorize a court to require a party to "pay such reasonable expenses of the other as may be just and proper under the circumstances." 43 O.S. Supp.2008, 110(D).

■ ¶ 34 *Thielenhaus v. Thielenhaus,* 1995 OK 5, 890 P.2d 925, provides guidance on the issue of attorney fees. "Counsel-fee allowances, which never depend on one's status as prevailing party in the case, must be granted only to that litigant who qualifies for the benefit through the process of a *judicial balancing of the equities.*" *Thielenhaus,* 1995 OK 5 at ¶ 19, 890 P.2d at 934–35. Factors considered there were the property and support alimony received by Wife.

■ ¶ 35 An award of attorney fees does not depend on any one factor such as status as the prevailing party or the financial means of a party. In considering what is

---

16. The Court cited *Woodroof* and *Barker.* It is noted that the case began as a divorce action by wife with a counter-petition for divorce. Wife amended to seek separate maintenance which the court decreed.

17. Husband's attempt to supplement the record with his answer that also asks for a divorce would implicate *McAdoo,* assuming that the answer could be given a broad interpretation as also being a counter-petition for divorce. *See* Part A. *See also* n. 11.

18. Every fact not negatived by the record must be presumed to support the trial court's judgment or order. *F.D.I.C. v. Jernigan,* 1995 OK 54,

901 P.2d 793 n. 13. "Absent explanation of the ruling by the trial court and absent a record to the contrary, we are under a duty to indulge the presumption of correctness with regard to the trial court's general order. We will presume the trial court, '. . . found every special thing necessary to be found to sustain the general finding and conclusion.'" *KMC Leasing Inc. v. Rockwell–Standard Corp.,* 2000 OK 51, ¶ 13, 9 P.3d 683, 688–89 (quoting *Monarch Ins. Co. of Ohio v. Rippy,* 1962 OK 6, ¶ 11, 369 P.2d 622, 625).

19. Respondent's Ex. 1, paragraph 5.

20. Tr. p. 51.

just and proper under the circumstances, the court in the exercise of its discretion should consider the totality of circumstances leading up to, and including, the subsequent action for which expenses and fees are being sought. Such circumstances should include, but not be limited to: the outcome of the action; whether either party unnecessarily complicated or delayed the proceedings, or made the subsequent litigation more vexatious than it needed to be; and finally, the means and property of the respective parties. *Finger v. Finger*, 1996 OK CIV APP 91, ¶ 14, 923 P.2d 1195, 1197–98.

¶ 36 Wife's application for fees was premised primarily on Husband's better ability to pay the fees. Husband denied her allegations in his testimony and claimed inability to pay her fees, which the Wife did not refute. Wife has failed to demonstrate that she should be awarded attorney fees here or in the trial court. Therefore, the trial court's denial of an award of attorney fees is affirmed and Wife's request for attorney fees on appeal is denied.

## CONCLUSION

¶ 37 The trial court's finding that the Separate Maintenance Decree divided the parties' property is not against the weight of the evidence or contrary to law. Wife has failed to demonstrate entitlement to an award of attorney fees. The judgment of the trial court is affirmed.

¶ 38 AFFIRMED.

GABBARD, P.J., and FISCHER, J., concur.