NO. 12-10-00293-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

IN THE MATTER OF THE                         §          APPEAL
FROM THE

                                                

MARRIAGE OF BART DALTON              §          COUNTY
COURT AT LAW 

 

AND CAROL DALTON                               §          NACOGDOCHES
COUNTY, TEXAS







OPINION

This
is an agreed interlocutory appeal pursuant to Texas Civil Practices and
Remedies Code, Section 51.014(d).  Bart Dalton, Appellant and Cross-Appellee,
complains of three rulings by the trial court, and Carol Dalton, Appellee and
Cross-Appellant, complains of one ruling by cross-appeal. Bart presents three
issues, and Carol presents one cross-issue.  We reverse and render in part, and
remand in part.

 

Background

            Bart
and Carol were married on August 6, 1988, and are the parents of three children. 
In 2002, Bart and Carol were residents of Oklahoma when Bart and a business
partner borrowed money from the Bank of Oklahoma to purchase a business.  In
2005, the Bank of Oklahoma obtained a judgment in replevin and in personam
against Bart, Bart’s business partner, and the business.  In order to protect
their assets, Carol filed for divorce from Bart in 2005 in the district court
of Rogers County, Oklahoma.  She later amended her petition to request a decree
of separate maintenance. 

On
December 18, 2006, the district court of Rogers County, Oklahoma, filed an
agreed order of separate maintenance (“OSM”).  The parties agreed that the OSM
settled their claims concerning child custody, child support, property
division, debt division, spousal support, attorney’s fees, and costs.  Carol
was granted custody of the children subject to a visitation plan allowing Bart
supervised visitation with the children on alternating weekends and holidays. 
Bart agreed to pay child support in the amount of $2,189.75 per month,
ninety-five percent of the day care costs and health-related expenses not
covered by insurance, and maintain medical insurance for the children. 

In
the property division, Carol received her personal property, the residence in
Oklahoma, a Honda van, a Cessna airplane, all of the couple’s interest in a
musical instrument company, all checking, savings, and retirement accounts in
her name, one-half of Bart’s 401(k) plan, one-half of Bart’s profit sharing
plan, and all of Bart’s Southwest Airlines stock options. Bart received all of
his personal property, a Dodge van, and a Bayliner boat.  Further, Bart agreed
to pay all debt associated with the marital home and incurred by the parties
before November 2006.  He also agreed to pay support alimony to Carol in the
amount of $1,309,014.00 at the rate of $6,060.25 per month.  Finally, Bart
agreed that all marital property not listed in the OSM would be awarded to
Carol.

After
the parties signed the OSM, they continued to live together in Oklahoma.  In
June 2008, the parties separated and Carol moved to Nacogdoches County, Texas,
in August 2008. Later, Bart also moved to Nacogdoches County.  In December
2008, Bart filed for divorce in Nacogdoches County, and Carol filed an answer
and counterpetition for divorce.  Carol also filed a notice of filing of
foreign judgment and filed a certified copy of the OSM with the County Court at
Law of Nacogdoches.  Bart filed a motion to vacate and nullify the filing of
the OSM.  In response, Carol filed a motion for summary judgment, alleging that
she was entitled to summary judgment as a matter of law because the OSM is a
properly authenticated and final foreign judgment.  As such, Carol alleged that
the trial court was compelled to give full faith and credit to the OSM.  Bart
disagreed, alleging that the OSM was void under Oklahoma law because the Rogers
County district court lacked jurisdiction.  The trial court found that the
Oklahoma OSM was void, was not final, and was not subject to full faith and
credit.  Therefore, the trial court denied Carol’s motion for summary judgment.

Carol
filed a second motion for summary judgment, alleging that she was entitled to
summary judgment as a matter of law because the OSM was a valid and enforceable
partition and exchange agreement under Texas law, and an enforceable marital
contract under Oklahoma law.  Bart disagreed.  The trial court found that Bart
did not prove the statutory defenses to enforcement of a partition and exchange
agreement, that the OSM was a valid, unambiguous, and enforceable partition and
exchange agreement, and that the parties were entitled to a judgment on that
agreement.  Therefore, the trial court granted Carol’s second motion for
summary judgment.

Bart
filed a motion to determine choice of law, for reconsideration of the partial
summary judgment, and for partial summary judgment.  Carol filed a motion to
strike Bart’s motion and a motion for clarification.  The trial court signed an
order on Bart’s motion for reconsideration of the partial summary judgment, again
granting Carol’s second motion for summary judgment. The trial court also found
that its previous order was a final and appealable judgment disposing of all
the parties’ claims subject only to issues regarding the right to, and
character of, property not specifically listed in the OSM, and the granting of
a divorce by the trial court.  The trial court also denied Bart’s motion to
determine choice of law. 

After
finding that both of Carol’s motions for summary judgment involved controlling
questions of law and that an immediate appeal may materially advance the
ultimate termination of the litigation, the trial court signed an agreed order
granting an interlocutory appeal of four of its orders as follows:  (1) the
order denying Carol’s first motion for summary judgment; (2) the order granting
Carol’s second motion for summary judgment; (3) the order on Bart’s motion for
reconsideration of the partial summary judgment; (4) and the order denying
Bart’s motion to determine choice of law.  This appeal followed.

 

Issues Presented

            Bart
complains of the order granting Carol’s second motion for summary judgment, the
order denying his motion for reconsideration, and the order denying his motion
to determine choice of law.  In one cross-issue, Carol challenges the order
denying her first motion for summary judgment.   Carol’s cross-issue is
dispositive.  Therefore, we need not address Bart’s issues.  See Tex. R. App. P. 47.1. 

 

Standard of Review

In
reviewing a traditional motion for summary judgment,[1]
we apply the standards established in Nixon v. Mr. Property Management
Company, 690 S.W.2d 546, 548-49 (Tex. 1985), which are (1) the movant
for summary judgment has the burden of showing that there is no genuine issue
of material fact and that it is entitled to judgment as a matter of law; (2) in
deciding whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the nonmovant will be taken as true; and (3)
every reasonable inference must be indulged in favor of the nonmovant and any
doubts resolved in its favor.  See id. at 548‑49. 
For a party to prevail on a motion for summary judgment, he must conclusively
establish the absence of any genuine question of material fact and that he is
entitled to judgment as a matter of law. Tex.
R. Civ. P. 166a(c).  A movant must either negate at least one essential
element of the nonmovant's cause of action, or prove all essential elements of
an affirmative defense.  See Randall's Food Markets, Inc. v.
Johnson, 891 S.W.2d 640, 644 (Tex.1995); see also MMP, Ltd. v.
Jones, 710 S.W.2d 59, 60 (Tex. 1986).  Since the burden of proof is on
the movant, and all doubts about the existence of a genuine issue of material
fact are resolved against the movant, we must view the evidence and its
reasonable inferences in the light most favorable to the nonmovant.  See
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,
391 S.W.2d 41, 47 (Tex. 1965).  We are not required to ascertain the
credibility of affiants or to determine the weight of evidence in the
affidavits, depositions, exhibits, and other summary judgment proof.  See
Gulbenkian v. Penn, 252 S.W.2d 929, 932 (Tex. 1952).  The only
question is whether or not an issue of material fact is presented.  See Tex. R. Civ. P. 166a(c).

Once
the movant has established a right to summary judgment, the nonmovant has the
burden to respond to the motion for summary judgment and present to the trial
court any issues that would preclude summary judgment.  See, e.g., City
of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678‑79
(Tex. 1979).  All theories in support of or in opposition to a motion for
summary judgment must be presented in writing to the trial court.  See Tex. R. Civ. P. 166a(c). 

 

Full Faith and Credit

            In
her cross-issue, Carol argues that the trial court erred in denying her first
motion for summary judgment.  More specifically, she asserts that she is
entitled to summary judgment as a matter of law because the OSM was a properly
authenticated foreign judgment, and was a final order with respect to the
parties’ property.  Therefore, she contends, the trial court was required to
give full faith and credit to the OSM.

 

Applicable
Law—Full Faith and Credit

According
to the United States Constitution, “Full Faith and Credit shall be given in
each State to the public Acts, Records, and judicial Proceedings of every other
State.  And the Congress may by general Laws prescribe the Manner in which such
Acts, Records and Proceedings shall be proved, and the Effect thereof.”  U.S. Const. art. IV, § 1.  A properly
proven foreign judgment must be recognized and given effect coextensive with
that to which it is entitled in the rendering state.  See Bard v.
Charles R. Myers Ins. Agency, Inc., 839 S.W.2d 791, 794 (Tex. 1992)
(citing Barber v. Barber, 323 U.S. 77, 79, 65 S. Ct. 137, 138, 89
L. Ed. 82 (1944)).  The Full Faith and Credit Clause requires that a valid
judgment from one state be enforced in other states regardless of the laws or
public policy of the other states.  See id.  In other
words, a judgment rendered by a sister state is entitled to the same
recognition and credit in this state as it would receive in the state where it
was rendered, and its validity is determined by the laws of the state where it
was rendered.  See id. at 795.  Full faith and credit is
not required, however, when a decree is interlocutory or subject to
modification under the law of the rendering state.  See id.
at 794.

Authentication

            In her summary judgment motion, Carol alleged
that she was entitled to summary judgment because the OSM was a properly
authenticated foreign judgment.

Applicable Law

Under
the Uniform Enforcement of Foreign Judgments Act (“UEFJA”), a copy of a foreign
judgment authenticated in accordance with an act of Congress or a statute of
this state may be filed in the office of the clerk of any court of competent
jurisdiction of this state.  See Tex.
Civ. Prac. & Rem. Code Ann. § 35.003(a) (Vernon 2008).  Under the
UEFJA, filing a foreign judgment in a Texas court instantly creates an
enforceable, final Texas judgment.  See Tex. Civ. Prac. & Rem. Code Ann. § 35.003(b), (c); BancorpSouth
Bank v. Prevot, 256 S.W.3d 719, 722 (Tex. App.–Houston [14th Dist.]
2008, no pet.).  Once an authenticated copy of a foreign judgment has been
filed in Texas, the defendant has the burden of attacking the judgment and
establishing a recognized exception to the full faith and credit requirements. McCoy
v. Knobler, 260 S.W.3d 179, 182 (Tex. App.–Dallas 2008, no pet.).

Analysis

In support of her summary judgment, Carol
attached a copy of the OSM showing that it was filed and recorded with the
Rogers County, Oklahoma clerk’s office.  She also filed the OSM with the County
Court at Law of Nacogdoches County as a foreign judgment under the UEFJA.  See
Tex. Civ. Prac. & Rem. Code Ann. §
35.003(a).  Further, Carol attached a certified copy of the OSM as an exhibit
to her counterpetition for divorce.  See Tex. R. Evid. 902(4).  Thus, she alleged, the OSM was
properly authenticated as a foreign judgment.  By this evidence, Carol showed
that the OSM was properly filed and recorded in Rogers County, and that a
certified copy of the OSM was properly filed in the County Court at Law of Nacogdoches
County pursuant to the UEFJA.  Thus, she established that the OSM was a
properly authenticated foreign judgment. 

Once
Carol showed that the OSM was properly authenticated, Bart had the burden of
demonstrating a recognized exception to the full faith and credit requirements.
 See McCoy, 260 S.W.3d at 182.  In his response, Bart
asserted that the OSM was void on its face because the court lacked
jurisdiction under Oklahoma law to permanently divide the marital estate.  In
Oklahoma, “[a] judgment is not void in the legal sense for want of
jurisdiction, unless its invalidity and want of jurisdiction appears on the
record; it is voidable merely.”  Fleetwood v. Chevron U.S.A. Prod. Co.,
239 P.3d 960, 964 (Okla. Civ. App. 2010) (quoting Edwards v. Smith,
142 P. 302, 304 (Okla. 1914)); see also Union Tex. Petroleum v. Corp.
Comm’n of Okla., 651 P.2d 652, 659 (Okla. 1981). 

For
a judgment to be void on the face of the record, the judgment roll must reflect
a lack of jurisdiction (1) over the parties, (2) over the subject of the
action, or (3) to render the particular judgment entered. Cloyd v. Dawson,
569 P.2d 534, 536 (Okla. Civ. App. 1977) (citing Scoufos v. Fuller,
280 P.2d 720, 723 (Okla. 1955)).  The judgment roll or record proper consists
of “. . . the petition, the process, return, the pleadings subsequent thereto,
reports, verdicts, orders, judgments, and all material acts and proceedings of
the court.”  Elliott v. City of Guthrie, 725 P.2d 861, 863 n.8
(Okla. 1986) (quoting Okla. Stat.
Ann. tit. 12, § 32.1 (2011)).  A judgment may not be attacked for facial
invalidity when the entire (complete) judgment roll has not been incorporated
into the record for review.  Holleyman v. Holleyman, 78 P.3d 921,
933 (Okla. 2003) (Opala, V.C.J., concurring).

Bart has attacked the trial court’s lack of
jurisdiction to render the particular judgment entered.  However, he may do so
only if the entire judgment roll has been incorporated into the record for
review.  See Holleyman, 78 P.3d at 933.  Bart did not
attach the entire judgment roll to his response, nor does the complete judgment
roll appear in the record.  Thus, Bart may not attack the OSM for facial
invalidity.  See id.  Accordingly, Carol established that
the OSM was a properly authenticated foreign judgment.

Finality

            In her summary judgment motion, Carol alleged
that she was entitled to summary judgment because the OSM is a final judgment
with respect to the parties’ property.

            Applicable Law

Oklahoma
law provides that “in any case where a divorce is refused, the court may for
good cause shown make such order as may be proper for the custody, maintenance
and education of the children, and for the control and equitable division and
disposition of the property of the parties, or of either of them, as may be
proper, equitable and just”.  Okla.
Stat. Ann. tit. 43, § 108 (2011).  While Section 108 uses the term
“in any other case where a divorce is refused,” the Oklahoma Supreme Court held
that the word “refused” is used in a broad sense.  Woodruff v. Barrington,
184 P.2d 771, 773 (Okla. 1947).  The court held further that the legislature
granted to the district court the right to divide the property when good cause
for division is shown in any case involving marital difficulties in which a
divorce is for any reason not granted.  Id.  The Woodruff
court perceived no substantial distinction in cases where, although grounds for
divorce are established, the right to a divorce is waived or relinquished, and
in cases where, although a divorce is sought, it is denied by the trial court.  Id.
at 773-74.  In summary, the Woodruff court determined that
Section 108 applied to all cases where a divorce is not granted, and that in
cases where the right to divorce is waived or renounced by the parties, the
court is within its power to divide the jointly acquired property.  Id.
at 774. 

Further,
in Husband v. Husband, 233 P.3d 383, 389 (Okla. Civ. App. 2009),
the court found that pursuant to Section 108, a trial court has the authority
to decree a final division of property in an action initiated as a divorce
case, but concluded as a separate maintenance decree. Husband,
233 P.3d at 389.

            Analysis

            In support of her motion for summary judgment,
Carol showed that she initially filed for divorce in Rogers County, Oklahoma.  She
subsequently amended her pleading to request a decree of separate maintenance.  Carol
also established that she and Bart entered into an agreed OSM, which was
approved by the judge of the Rogers County district court.  From this evidence,
Carol showed that the OSM is a final judgment according to Oklahoma law even
though she amended her divorce suit to a suit for separate maintenance.  See
Okla. Stat. Ann. tit. 43, § 108;
Woodruff, 184 P.2d at 773-74.  Further, recent Oklahoma case law
supported Carol’s argument that a court has the authority to decree a final
division of property in an action initiated as a divorce case, but concluded as
a separate maintenance decree.  See Husband, 233 P.3d at 389.  Because
the OSM is entitled to the same recognition and credit in this state as it
would receive in Oklahoma, Carol established that the OSM is a final judgment.  See
Bard, 839 S.W.2d at 795.

Once Carol showed that the OSM was a final
judgment, Bart had the burden of demonstrating a recognized exception to the
full faith and credit requirements.  See McCoy, 260 S.W.3d
at 182.  In his response, Bart asserted that the OSM is not a final judgment.  First,
Bart alleged that the OSM is not res judicata in a subsequent divorce
proceeding, citing Lewis v. Lewis, 135 P. 397 (Okla. 1913).  However,
the Lewis decision is inapplicable to this case because the wife
in Lewis originally brought suit for alimony only.  See Lewis,
135 P. at 411-12; Woodruff, 184 P.2d at 772.  Next, Bart
asserted that a subsequent divorce extinguishes a spouse’s rights under an OSM,
citing Shipp v. Shipp, 383 P.2d 30 (Okla. 1963).  Again, however,
the Shipp decision is inapplicable to this case because it
involved a wife’s attempt to recover monies awarded in a foreign decree of
separate maintenance in a separate suit after Oklahoma granted a final decree
of divorce.  See Shipp, 383 P.2d at 31-32.  In fact, the Shipp
court noted that the wife’s remedy lay in appealing the court’s refusal to give
the foreign decree of separate maintenance full faith and credit.  See id.
at 33.

Bart also alleged that the OSM was temporary
because alimony is subject to modification, even retroactively, citing Bartlett
v. Bartlett, 144 P.3d 173 (Okla. Civ. App. 2006).  The Bartlett
case, however, involved retroactive modification of a temporary order for
support alimony prior to a final decree of divorce, not an OSM.  See Bartlett,144
P.3d at 184.  Moreover, a divorce decree is not rendered temporary because an
alimony award may be prospectively modified, and we have found  no authority
that the rule should be different for an OSM.  Oklahoma statutory and case law
allows for prospective modification of alimony awarded in any divorce decree.  See
Okla. Stat. Ann. tit. 43, § 134
(D) (2011); Wilson v. Wilson, 987 P.2d 1210, 1213-14 (Okla.
1999). Thus, statutory and case law does not support Bart’s argument that
modification of alimony renders an OSM temporary.

            Next, Bart asserted that the jointly acquired
property was still in the marital estate subject to division, citing Manhart
v. Manhart, 725 P.2d 1234 (Okla. 1986).  In Manhart, the
parties sued for divorce, and never entered into a decree of separate
maintenance.  See Manhart, 725 P.2d at 1236.  The pertinent issue
involved an interspousal conveyance of property and whether the conveyance
could remove that property from consideration as jointly acquired property for
purposes of an equitable division of property.  See id. at
1238.  Because the parties in Manhart did not divide their
property in a decree of separate maintenance, that case is inapplicable.
Further, the Husband court concluded that when a trial court
divides the parties’ property pursuant to an agreed decree of separate
maintenance, there is no property to divide in a decree of divorce because the
division of property has already been accomplished.  See Husband,
233 P.3d at 389; see also Okla.
Stat. Ann. tit. 43, § 108. 

Bart also cited an Oklahoma statute
providing that when a trial court enters a decree of divorce, it shall make a
division of property between the parties as may appear just and reasonable.  Okla. Stat. Ann. tit. 43, § 121 (2011). 
This statute is inapplicable because Bart and Carol’s suit involved an OSM, not
a property division pursuant to a decree of divorce.  Here, as in the Husband
case, Bart and Carol agreed to a property division in the OSM; therefore, there
is no property to divide in a divorce.  See Husband, 233
P.3d at 389.  Thus, statutory and case law does not support Bart’s argument
that the jointly acquired property is still in the marital estate subject to
division.

Finally, Bart alleged that the OSM was
procured by extrinsic fraud and, thus, should be denied full faith and credit.  Extrinsic
fraud is defined by the Oklahoma Supreme Court as “(a) any fraudulent conduct
of a successful party, (b) perpetrated outside of an actual adversary trial or
process and (c) practiced directly and affirmatively on the defeated party, (d)
whereby he was prevented from presenting fully and fairly his side of the
case.”  Patel v. OMH Med. Ctr., Inc., 987 P.2d 1185, 1196 (Okla.
1999).  As his supporting evidence, Bart pointed to his affidavit[2] attached to his response. In
the affidavit, he stated that neither he nor Carol wanted a divorce. Further,
he asserted that they relied upon the advice of counsel that an OSM would
protect their assets.  As such, he alleged that the OSM was procured by
extrinsic fraud.  However, Bart did not allege that Carol practiced any
fraudulent conduct outside the Oklahoma suit or that he was prevented from
presenting his side of the case fully and fairly.  See id.  Although
he pointed out in his affidavit that the attorney was Carol’s attorney, he did
not allege that he was prevented from seeking his own counsel.  See id.
 Because there is no evidence that Carol’s conduct was fraudulent or that Bart
was prevented from presenting his side of the case, the record does not support
Bart’s argument that the OSM was procured by extrinsic fraud.  Accordingly,
Carol established that the OSM was a final judgment with respect to the
parties’ property.

Conclusion

Carol’s summary judgment evidence showed
that the OSM was a properly authenticated foreign judgment, and was a final
order with respect to the parties’ property.  Thus, she established that the
OSM was an enforceable, final Texas judgment, and entitled to full faith and
credit.  See Tex. Civ. Prac.
& Rem. Code Ann. § 35.003(b), (c); BancorpSouth Bank,
256 S.W.3d at 722; Bard, 839 S.W.2d at 794.  Further, Bart did
not meet his burden of demonstrating a recognized exception to the full faith
and credit requirements.  See McCoy, 260 S.W.3d at 182.
Therefore, Carol was entitled to summary judgment as a matter of law, and the
trial court erred in denying her first motion for summary judgment.  Accordingly,
Carol’s cross-issue is sustained. 

 

Disposition

            Having sustained Carol’s issue on her
cross-appeal, we reverse the trial court’s order denying her first
motion for summary judgment, and render judgment that the OSM is
entitled to full faith and credit.  Accordingly, we remand for
further proceedings consistent with this opinion.  Because this issue is
dispositive, we need not address Bart’s or Carol’s remaining issues.  See
Tex. R. Civ. P. 47.1.  All
pending motions are overruled as moot.

 

                                                                                                Sam Griffith

                                                                                                         
Justice

 

Opinion delivered June 30, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

(PUBLISH)









[1] See Tex. R. Civ. P. 166a(c).





                [2] Although Bart’s supporting
affidavit was not attached to his response in the record, it is attached to
Carol’s reply to his response.  Further, Carol acknowledged in her reply that
Bart’s supporting affidavit was attached to his response.  When reviewing a
traditional summary judgment, we review de novo the entire record in the light
most favorable to the nonmovant, indulging every reasonable inference and
resolving any doubts against the motion.  See Sudan v. Sudan, 199
S.W.3d 291, 292 (Tex. 2006); KPMB Peat Marwick v. Harrison County Hous.
Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  Thus, we consider Bart’s
supporting affidavit attached to Carol’s reply to his response in our review of
the summary judgment.