THOMPSON v. THOMPSON



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:THOMPSON v. THOMPSON

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 THOMPSON v. THOMPSON
2020 OK CIV APP 36
Case Number: 117359
Decided: 05/29/2020
Mandate Issued: 06/24/2020
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2020 OK CIV APP 36, __ P.3d __

 

BILLY D. THOMPSON, Petitioner/Appellant,
v.
TERESA M. THOMPSON, Respondent/Appellee.

APPEAL FROM THE DISTRICT COURT OF
LOGAN COUNTY, OKLAHOMA

HONORABLE LOUIS A. DUEL, TRIAL JUDGE

REVERSED

Billy D. Thompson, Crescent, Oklahoma, Pro Se

Edmond Geary, Geary Law Firm, Oklahoma City, Oklahoma, for Respondent/Appellee

JANE P. WISEMAN, CHIEF JUDGE:

¶1 Billy D. Thompson (Husband) appeals a trial court order awarding attorney fees to Teresa M. Thompson (Wife). The primary issue on appeal is whether the award was an abuse of discretion. After review, we conclude that it was and reverse the decision of the trial court.

BACKGROUND

¶2 Husband filed a petition for divorce on May 29, 2013. The case was not tried until August 2016 and the decree of dissolution of marriage was not filed until March 14, 2017. The decree said the parties' business, Thompson Engine, which is heavily dependent on the oil business, "is extremely debt heavy and asset poor," with monthly income down from $16,000 to $5,200. The court found Husband and Wife own Thompson Engine equally, a business it valued at $55,357, and awarded Husband the business and awarded Wife $27,678.50 for her interest in the business, to be paid by Husband at $300 a month. Thompson Engine operates from the marital home and surrounding property, whose net equity the trial court determined to be $149,000 and awarded it to Husband. The court found the parties owned debt-free a separate 80-acre tract of land which the trial court ordered sold. After payment of the parties' tax debts of $61,685, the remainder of the proceeds from the sale of the tract of land, approximately $141,314, was to be paid to Wife. The trial court ordered Husband to continue to pay Wife monthly support of $2,000 until the tract was sold. The court also awarded each party a 25 percent share of their previous collective 50 percent share in Taylor Petroleum.

¶3 Wife filed a motion for attorney fees on April 7, 2017, seeking $66,540 for attorney fees and $937.19 for expenses and costs. Husband also filed a motion for attorney fees.

¶4 In its order the trial court stated:

If ever there were an occasion where one party to a case was responsible for prolonging litigation creating extra expense for both parties it would be in the case at bar.

Throughout the litigation of this case this Court held nearly 30 hearings. The majority of the hearings were at the request of [Wife]. Now [Wife] is before this Court asking for attorney fees.

At the onset of this case the Court awarded [Wife] $10,000.00 in suit money to proceed with her case. [Wife] was awarded spousal support in the amount of 2300.00 per month. That amount was later reduced to 2000.00 per month.

Only because of the disparity between the incomes of the parties would this Court contemplate granting [Wife] attorney fees. For that reason the Court sustains [Wife's] Motion for Attorney Fees and awards [Wife] an additional $5,000.00 in attorney fees. [Husband] is given sixty (60) days from the date of this order to comply.

¶5 Husband appeals.

STANDARD OF REVIEW

¶6 "An award of attorney fees and costs by the trial court will not be disturbed in the absence of an abuse of discretion." Hester v. Hester, 1983 OK 50, ¶ 7, 663 P.2d 727. "An abuse of discretion occurs when a court bases its decision on an erroneous conclusion of law, or where there is no rational basis in evidence for the ruling." U.S. Bank Nat'l Ass'n v. Baber, 2012 OK 55, ¶ 4, 280 P.3d 956.

ANALYSIS

¶7 Title 43 O.S.2011 § 110(D) provides, "Upon granting a decree of dissolution of marriage . . . the court may require either party to pay such reasonable expenses of the other as may be just and proper under the circumstances." "Counsel-fee allowances, which never depend on one's status as prevailing party in the case, must be granted only to that litigant who qualifies for the benefit through the process of a judicial balancing of the equities." Thielenhaus v. Thielenhaus, 1995 OK 5, ¶ 19, 890 P.2d 925. In Husband v. Husband, 2010 OK CIV APP 42, ¶ 35, 233 P.3d 383, the Court explained:

An award of attorney fees does not depend on any one factor such as status as the prevailing party or the financial means of a party. In considering what is just and proper under the circumstances, the court in the exercise of its discretion should consider the totality of circumstances leading up to, and including, the subsequent action for which expenses and fees are being sought. Such circumstances should include, but not be limited to: the outcome of the action; whether either party unnecessarily complicated or delayed the proceedings, or made the subsequent litigation more vexatious than it needed to be; and finally, the means and property of the respective parties. Finger v. Finger, 1996 OK CIV APP 91, ¶ 14, 923 P.2d 1195, 1197--98.

"[C]onsiderable disparity in the respective incomes and net worths of the parties . . . is one of the factors that may be taken into account." Abbott v. Abbott, 2001 OK 31, ¶ 12, 25 P.3d 291.

¶8 According to the trial court, the disparity in income was the sole reason it granted Wife's request. This award was made despite the trial court's conclusion referring to Wife that "[i]f ever there were an occasion where one party to a case was responsible for prolonging litigation creating extra expense for both parties it would be in the case at bar." The trial court said that most of the nearly 30 hearings held by the court were at Wife's instigation. Income disparity can be a consideration in awarding attorney fees, but it clearly should not have been the only dispositive factor when other more material, determinative circumstances dictate a different outcome. Husband had previously paid at least $10,000 in attorney fees for Wife. Wife received half of the value of the parties' business as well as all proceeds, approximately $141,000, from the sale of the 80-acre tract, leaving her with substantial resources to pay her attorney fees. Examining her conduct in the course of this unnecessarily protracted litigation, in which as the trial court found, she "was responsible for prolonging litigation creating extra expenses for both parties," can only lead to the conclusion that this award is neither justified nor equitable.

CONCLUSION

¶9 We conclude the trial court abused its discretion in granting attorney fees and costs to Wife solely on the basis of income differential when a balancing of the equities dictates that the request be denied. Accordingly, the decision to grant Wife attorney fees and costs is reversed.

¶10 Husband's request in his appeal brief for appeal-related attorney fees does not comply with Supreme Court Rule 1.14, 12 O.S. Supp. 2013, ch. 15, app. 1, and is denied without prejudice to its reassertion in compliance with the Rule.

¶11 REVERSED.

THORNBRUGH, P.J., and HIXON, J., concur.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2010 OK CIV APP 42, 233 P.3d 383, HUSBAND v. HUSBAND
Discussed
 1996 OK CIV APP 91, 923 P.2d 1195, 67 OBJ 274, Finger v. Finger,
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2001 OK 31, 25 P.3d 291, 72 OBJ 1058, ABBOTT v. ABBOTT
Discussed
 1995 OK 5, 890 P.2d 925, 66 OBJ 338, Thielenhaus v. Thielenhaus
Discussed
 2012 OK 55, 280 P.3d 956, U.S. BANK NATIONAL ASSOCIATION v. BABER
Discussed
 1983 OK 50, 663 P.2d 727, Hester v. Hester
Discussed
Title 43. Marriage
 Cite
Name
Level

 43 O.S. 110, Orders Concerning Property, Children, Support and Expenses
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA