**Ben MASSONGILL, Appellee,**

v.

**Daniel B. McDEVITT, Defendant.**

**Appeal of PROGRESS ENGINEERING and CONSULTING ENTERPRISE, INC., an Oklahoma Corporation.**

**No. 68641.**

Court of Appeals of Oklahoma, Division No. 1.

Feb. 14, 1989.

Rehearing Denied April 4, 1989.

Certiorari Denied April 8, 1992.

Howard D. Perkins, Jr., Tulsa, for appellee.

---

2. *Roach v. Atlas Life Ins. Co.,* 769 P.2d 158 (Okla.1989).

## MEMORANDUM OPINION

HANSEN, Judge:

This is a purported appeal from an order of the trial court refusing to set aside a default judgment entered for Plaintiff. Plaintiff had sued Appellant and Defendant McDevitt for libel. Plaintiff attempted service on McDevitt individually and as president and registered agent of Appellant corporation several times, by a service agent, by registered mail and finally through the Secretary of State.

The trial court entered a default judgment against Appellant corporation only for $1,250,000 plus interest. Appellant filed a motion to vacate the default judgment. At that hearing Appellant was represented by counsel. The trial court overruled Appellant's motion.

McDevitt filed an appeal to the Oklahoma Supreme Court "Pro Se for Appellant Progress Engineering and Consulting Enterprise, Inc." Appellee moved for dismissal of the appeal on the grounds McDevitt was not an attorney and thus could not represent Appellant, a corporation. The Supreme Court deferred consideration of this issue to the merits. After briefing by McDevitt and Appellee, the Supreme Court assigned the appeal to this Court for disposition.

■ Although the Oklahoma Legislature clearly provides a corporation may sue and be sued,[1] this Court declines to set the precedent of allowing a corporation to appear in propria persona in the prosecution of an appeal. Under the Oklahoma Constitution the Judiciary is vested with full and complete authority to control and regulate the practice of law in all its forms and to prevent the intrusion of unlicensed persons into the practice. The "practice of law" is the rendition of services requiring the knowledge and the application of legal principles and technique to serve the interests of another with his consent.[2] Courts thus may require appeals to be prosecuted and defended by persons trained in the law and familiar with court procedures. To this end, only persons admitted to the bar should "practice law" in this Court.

An individual may, of course, represent himself pro se in any proceedings wherein he is a party. But a person appearing pro se represents only himself. Any lack of expertise will primarily affect only him. In this case McDevitt is attempting to represent Appellant corporation. Individually, he is not a party to the appeal, and he is not an attorney. Such representation is not authorized in this state.

■ The question of whether a corporation, regarded by the law as an artificial entity, can appear on its own behalf through an agent other than an attorney has generally been answered in the negative in other jurisdictions.[3] In addition, pleadings filed and actions taken by a non-lawyer corporate officer in a legal action are subject to be stricken or held to be a nullity. In fact, some jurisdictions may enter a default judgment against a corporation on the ground the corporation was improperly represented in the action by a non-lawyer corporate officer.[4]

It has been held also that an appeal is void and subject to dismissal by reason of a corporation's lack of power to represent itself in a court action.[5]

■ A corporation is not a natural person. It is an artificial entity created by law, and as such it can neither practice law by appearing in propria persona nor act in person by an officer who is not an attorney. We therefore hold that although a party to an action may appear pro se, he is

1. 18 O.S.1987 Supp. § 1016(2).

2. *R.J. Edwards, Inc. v. Hert,* 504 P.2d 407 (Okla.1972).

3. *See* annotation, 19 A.L.R. 1073 (1968); *See also Oahu Plumbing & Sheet Metal v. Kona Construction, Inc.,* 60 Haw. 372, 590 P.2d 570 (1979) and cases cited therein 590 P.2d at 572, 573.

4. *Starrett v. Shepard,* 606 P.2d 1247 (Wyo.1980); *Oahu Plumbing & Sheet Metal v. Kona Construction, Inc., supra* n. 3.

5. *Paradise v. Nowlin,* 86 Cal.App.2d 897, 195 P.2d 867 (1948); *Aviation Maintenance Publishers, Inc. v. Capital Corporation,* 740 P.2d 940 (Wyo.1987).

**440**

not entitled to appear for or on behalf of a corporation, regardless of his interest in it or any authorization which he may have from the corporation.

Accordingly, the brief filed by McDevitt, purportedly on behalf of Appellant, is stricken. The order of the trial court denying Appellant's motion to vacate the default judgment is

AFFIRMED.

HUNTER, P.J., and MacGUIGAN, J., concur.