2009 OK CIV APP 52

Marianne L. ALLEN, dba, Richmont Development of Oklahoma, Inc., Pro Se, Plaintiff/Appellant,

v.

The CITY OF CHICKASHA, Oklahoma, Defendant/Appellee.

No. 105,872.

Court of Civil Appeals of Oklahoma, Division No. 3.

May 8, 2009.

ney fees. Hinds' request for appeal-related attorney fees is therefore denied.

Marianne L. Allen, Oklahoma City, Oklahoma, Pro Se.

Tom Frailey, Deborah A. Sterkel, Jeromy E. Brown, Catherine V. Ewing, Frailey, Chaffin, Cordell, Perryman, Sterkel, McCalla and Brown, LLP., Chickasha, Oklahoma, for Defendant/Appellee.

CAROL M. HANSEN, Presiding Judge.

¶1 This appeal arises from a controversy between the City of Chickasha (City) and a property owner, Richmont Development (Richmont), regarding two residential rental properties which City deemed dilapidated. The trial court found Richmont, and Marianne Allen (Allen) individually as the sole shareholder in Richmont, violated 12 O.S. Supp.2004 § 2011 (hereafter § 2011) by filing this action in bad faith to "annoy and harass" City. The court awarded City $3,589.62 in attorney fees as sanctions, "jointly and severally," against Richmont and Allen, individual-

ly. Richmont and Allen appeal from the trial court's order adjudging the sanctions.[1] We hold sanctions were legally and factually appropriate and affirm.

¶2 Section 2011(A) requires "[e]very pleading, written motion, and other paper" be signed by an attorney of record or, if unrepresented by an attorney, the party. Under § 2011(B)(1), by such signature, the person signing certifies to the court, "to the best of the person's knowledge, information, and belief, formed by an inquiry reasonable under the circumstances," the pleading, motion or other paper "is not being presented for any improper or frivolous purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

¶3 Section 2011(C) provides, in pertinent part:

> If, after notice and a reasonable opportunity to respond, the court determines that subsection B of this section has been violated, the court shall, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subsection B of this section or are responsible for the violation.

¶4 Section 2011(C)(2)(c) provides "monetary sanctions" for violation of § 2011(B)(1), which "shall consist of an order directing payment of reasonable costs, including attorney fees, incurred by the movant with respect to the conduct for which the sanctions are imposed." Thus, in view of the foregoing statutory provisions, the trial court had the power to award attorney fees to City as sanctions when it found, in the order on review, this action was filed with "no basis in law or fact" and to "annoy and harass" City.

¶5 The question remains whether the trial court exercised that power properly. We make that determination under an abuse of discretion standard, that is, if the trial court's decision is supported by "record and reason," it will not be disturbed on review. *Hammonds v. Osteopathic Hosp. Founders*

---

1. By its Order of September 8, 2008, the Oklahoma Supreme Court granted City's motion to limit the scope of appellate review to issues decided at the post-judgment hearing on sanctions. The Court found this appeal was untimely to review the trial court's April 7, 2008 order dismissing Richmont's claims.

*Ass'n*, 1996 OK 100, 934 P.2d 319. Allen's conduct in filing the *Petition* here must further be tested by a standard of objective reasonableness under the then-existing circumstances. *Id.*, at 321. Otherwise stated, while we are obligated to examine and weigh proof found in the record, we will presume the decision reached by the trial court on the sanction question is legally correct and must not be disturbed unless contrary to the governing principles of law or the weight of the evidence. *State ex rel. Tal v. City of Oklahoma City*, 2002 OK 97, 61 P.3d 234.

¶6 Richmont, acting through Allen, has been attempting to gain relief against City for various alleged wrongs since March 2005. At that time, Allen, acting *pro se*, filed a *Petition for Mandatory Injunction* in the trial court following an administrative hearing by City at which two of Richmont's rental properties were determined to be "dilapidated." Allen claimed to be the owner of the properties. City moved to dismiss that action on several grounds, including that Allen was not the real party in interest because Richmont owned the properties. The trial court granted City's motion to dismiss, without allowing Richmont to be substituted, and Allen appealed.

¶7 In Appeal No. 102,222, the Oklahoma Court of Civil Appeals, in an unpublished opinion, affirmed the trial court's dismissal in part, reversed in part and remanded the matter with instructions. The substantive issues decided by the Court of Civil Appeals are not relevant here, but the Court did direct that on remand Allen should be allowed to substitute Richmont as the party plaintiff. The Court then explained:

> It should be noted that on remand, with Richmont substituted as the plaintiff, it may not, as a corporation, proceed *pro se* but must be represented by legal counsel. The Oklahoma Court of Civil Appeals has said in *Massongill v. McDevitt*, 1989 OK CIV APP 82, ¶8, 828 P.2d 438, 439–40:
>
> > A corporation is not a natural person. It is an artificial entity created by law, and as such it can neither practice law by

appearing in propria persona nor act in person by an officer who is not an attorney. We therefore hold that although a party to an action may appear pro se, he is not entitled to appear for or on behalf of a corporation, regardless of his interest in it or any authorization which he may have from the corporation.

We further note that Appellant [Allen] has requested the trial court to appoint an attorney to represent her. We are aware of no provision in Oklahoma law which would allow the court to provide a court-appointed and publicly funded attorney in a civil suit of this kind, either for her individually or for the corporation.

¶8 On remand, the trial court, in a Court Minute filed on September 13, 2007, granted Allen's request to substitute Richmont as the "proper plaintiff." All other issues were continued until November 15, 2007. The Court Minute furthered noted Richmont was ordered by the trial court "to locate counsel to represent it in this matter." Counsel for City acknowledged approval of the trial court's order by signing the Court Minute, but Allen wrote on the Court Minute—"I elect not to sign at this (sic) until I get the advice of a lawyer." When no attorney had entered an appearance to represent Richmont, the trial court dismissed the action at the time of the November 15, 2007 hearing. No appeal was taken from the order of dismissal.

¶9 On January 29, 2008, City notified Richmont, through Allen, it intended to proceed with demolition of the two structures at issue in the earlier action. On February 8, 2008, the instant action was filed. Apparently in order to include herself as a party plaintiff, Allen filed as "Marianne L. Allen DBA Richmont Development of Oklahoma, Inc. ProSe." City filed its Motion to Dismiss on February 22, 2008. City sent a copy of its Motion for Sanctions to Allen, which was received on behalf of Allen on February 28, 2008.[2] The actual Motion for Sanctions was filed in the trial court on March 24, 2008, the day the court heard City's Motion to Dismiss.

2. Section 2011(C)(1)(a) provides a motion for sanctions "..shall not be filed with or presented to the court unless, within twenty-one days after service of the motion or such other period as the court may prescribe, the challenged paper, ..., is not withdrawn or appropriately corrected."

¶ 10 The trial court dismissed this action by its order filed April 7, 2008. The trial court found [1] the claims were based on the same issues and facts as the previous action, [2] those issues and facts had been finally decided by the trial court's order of November 15, 2007, in the previous action, [3] this action was a collateral attack on that order, and [4] Allen had actual knowledge Richmont, as a corporation, must be represented by counsel, but she continued to contend she had a right to represent Richmont *pro se.* Allen filed the *Petition in Error* here on May 20, 2008, which was untimely to preserve any alleged trial court error in the April 7, 2008 order.[3] The *Petition in Error* was timely as to the trial court's May 13, 2008 order imposing sanctions. We will address issues from the latter order only.

¶ 11 Richmont and Allen do not contest the operative facts set forth above. Allen has not denied being put on notice, through the Court of Civil Appeals opinion in Appeal No. 102,222 and the trial court's Court Minute of September 13 2007, that Oklahoma law requires a corporation be represented in court by an attorney. She merely refuses to be guided by that law. She persists, even in her appellate pleadings, in asserting her position she may represent Richmont in legal proceedings in this state because she owns all the shares in that corporation. Yet she has failed to provide us with any *relevant* legal authority in support of that assertion.

¶ 12 Allen's sole purported authority is a Wikipedia definition of a corporation as a legal entity having "similar rights in law to those of a *natural person.*" (Emphasis in original). While a corporation certainly has the right to sue and be sued in its corporate name, 18 O.S.2001 § 1016(2), that right does not extend to self representation. *Massongill v. McDevitt,* 828 P.2d at 439–40. As the *Massongill* Court notes:

A corporation is not a natural person. It is an artificial entity created by law, and as such it can neither practice law by appearing in propria persona nor act in person by an officer who is not an attorney.

¶ 13 Allen is entitled to her own opinion, but she is not entitled to her own law. The law is clear regarding the necessity of legal counsel to represent corporations and Allen fails to make any "nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law" with respect to that rule. 12 O.S. Supp.2004 § 2011(B)(2).

¶ 14 In refusing to recognize and abide by the unambiguous direction given by both the Court of Civil Appeals and the trial court to obtain counsel, Allen has required City to itself incur the expense of retaining legal counsel to defend an action which was doomed from filing of the *Petition.* She had been put on notice that pursuant to *Massongill v. McDevitt,* 828 P.2d at 439–40, Richmont's *Petition* could only have been lawfully filed by an attorney. Allen's repeated requests to be appointed counsel were also contrary to the holding by the Court of Civil Appeals in Appeal No. 102,222 that appointed counsel was not authorized under the circumstances here.

¶ 15 Allen's filing of the *Petition* for Richmont, when she knew or should have known she was without authority to do so, fails to meet the "standard of objective reasonableness under the then-existing circumstances" set forth in *Hammonds v. Osteopathic Hosp. Founders Ass'n,* 934 P.2d at 323. Further, she was given the opportunity to withdraw the *Petition* when she was served with a copy of City's Motion for Sanctions more than three weeks before the Motion was actually filed with the trial court. To the contrary, in that three week period, she amended the *Petition* twice, filed a response to City's Motion to Dismiss and amended that response.

¶ 16 Although purporting to act *pro se,* Allen must be charged with the responsibility to conform her actions to the rules of pleadings, evidence and appellate practice. *Funnell v. Jones,* 1985 OK 73, 737 P.2d 105.

---

3. Note 1, *supra.* Also, *Gilbert v. Security Finance Corp. of Oklahoma, Inc.,* 2006 OK 58, 152 P.3d 165 (Timely filing of petition in error commencing the appeal is jurisdictional, and failure to file an appeal within the statutory time is fatal. 12 Okl.St.Ann. § 990A(A).)

"When faced with deciding if sanctions should be imposed under § 2011, a court must view the matter through the eyes of a competent attorney who is advocating the claim of his/her client(s)." *State ex rel. Tal v. City of Oklahoma City,* 61 P.3d at 244.

¶ 17 Further, it is not required that Allen be shown to have acted with malice, or even intentionally acting with an "improper or frivolous purpose." The Oklahoma Supreme Court has held—"The propriety of sanctions under § 2011 in regard to legal or factual frivolity of a claim or defense does not depend on the attorney's [or party's] subjective good faith, and having a pure heart, but empty head, provides no defense to a sanction order under the statute." *id.* Regardless of Allen's subjective reasoning, her actions in filing this case were "unwarranted by existing law" and thus frivolous as a matter of law under the definition in § 2011(E).

¶ 18 Finally, Allen contends the trial court did not have jurisdiction to impose sanctions after it had dismissed the action. We disagree. The trial court's order dismissing the action was, as noted above, filed on April 7, 2008. City's Motion for Sanctions was filed on March 24, 2008, and was thus pending when the action was dismissed. Dismissal, even if voluntary, does not act as a jurisdictional bar to further proceedings seeking the imposition of sanctions under § 2011. *Berko v. Willow Creek I Neighborhood Ass'n, Inc.,* 1991 OK CIV APP 50, 812 P.2d 817.

¶ 19 In the absence of appellate precedent in Oklahoma, the *Berko* Court looked for guidance from the United States Supreme Court, which said of Rule 11 of the Federal Rules of Civil Procedure, which is virtually identical to § 2011:

As the "violation of Rule 11 is complete when the paper is filed," a voluntary dismissal does not expunge the Rule 11 violation. In order to comply with Rule 11's requirement that a court "shall" impose sanctions "[i]f a pleading, motion, or other paper is signed in violation of this rule," a court must have the authority to consider whether there has been a violation of the signing requirement regardless of the dismissal of the underlying action.

*Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

¶ 20 The determination of the reasonableness of an attorney's fee is particularly within the province of a trial court. As with the propriety of sanctions, we review the trial court's award of attorney's fee for abuse of discretion. *Marvel v. Miken,* 1994 OK CIV APP 150, 889 P.2d 903. City's Motion for Sanctions was supported by affidavit of City's legal counsel and itemized times records. We have reviewed those records and find City's attorney fee request reasonable in view of the nature of the proceedings and the number of Allen's pleadings requiring response. We find no abuse of discretion in the trial court's attorney fees award.

¶ 21 Accordingly, the trial court's order granting City attorney fees as a sanction pursuant to § 2011 is AFFIRMED.

MITCHELL, C.J., and JOPLIN, J., concur.