2012 OK 55

**U.S. BANK NATIONAL ASSOCIATION, As Trustee of the Security National Mortgage Loan Trust 2006-1, Plaintiff/Appellee,**

v.

**Billy G. BABER a/k/a Billy Gene Baber and Jeanette Baber, a/k/a Agnes J. Baber a/k/a A. Jeanette Baber, Defendants/Appellants,**

and

**Mortgage Electronic Registration Systems, Inc., as Nominee for Gold Mortgage Banc, Inc., Ameriquest Mortgage Company and Mortgage Electronic Registration Systems, Inc., Defendants.**

No. 109,942.

Supreme Court of Oklahoma.

June 12, 2012.

---

MaryGaye LeBoeuf, Oklahoma City, Oklahoma, for Defendants/Appellants Billy G. Baber and Jeanette Baber.

Melvin R. McVay and Raymond E. Zschiesche, Phillips McFall McCaffrey McVay & Murrah, PC, Oklahoma City, Oklahoma, for Plaintiff/Appellee, U.S. Bank, N.A.

Scott Peck, Peck, Erodes & Wenzel, P.A., Oklahoma City, Oklahoma, for Plaintiff/Appellee, U.S. Bank, N.A.

COMBS, J.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

¶1 On February 22, 2005, Appellants executed a promissory note (hereinafter "Note") payable to Ameriquest Mortgage Company, Inc. (hereinafter "Lender"). To secure payment of the Note, Appellants executed and delivered to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Lender, as mortgagee, a certain mortgage (hereinafter "Mortgage"), which conveyed and mortgaged to the mortgagee certain real property located in Oklahoma County, Oklahoma. In both the Note and Mortgage, Ameriquest Mortgage Company is named as the Lender and Payee. Appellants defaulted on the Note. Appellee initiated foreclosure proceedings on November 6, 2006. A copy of the non-indorsed Note and Mortgage was included with the petition.

¶2 In their answer, Appellants demanded strict proof of the ownership of the Note and

Mortgage.[1] Appellee moved for summary judgment on August 31, 2009. In an attached affidavit, Appellee asserted it currently held both the Note and Mortgage at issue, and again produced a copy of both the unindorsed Note and Mortgage.

¶ 3 The final Journal Entry of Judgment was filed on March 18, 2011 granting judgment on the note and foreclosing the mortgage lien in favor of U.S. Bank Association, as Trustee. The Babers filed a motion to vacate the judgment on April 4, 2011 arguing they were denied their statutory right to respond to U.S. Bank NA's Cross–Motion for Summary Judgment in violation of statute and rule, that the motion was not delivered to them in a timely fashion and that they did not receive notice of the hearing that occurred on September 5, 2010.

## STANDARD OF REVIEW

¶ 4 The standard of review[2] for a trial court's ruling either vacating or refusing to vacate a judgment is abuse of discretion. *Ferguson Enterprises, Inc. v. Webb Enterprises, Inc.*, 2000 OK 78, ¶ 5, 13 P.3d 480, 482; *Hassell v. Texaco, Inc.*, 1962 OK 136, 372 P.2d 233. A clear abuse-of-discretion standard includes appellate review of both fact and law issues. *Christian v. Gray*, 2003 OK 10, ¶ 43, 65 P.3d 591, 608. An abuse of discretion occurs when a court bases its decision on an erroneous conclusion of law, or where there is no rational basis in evidence for the ruling. *Fent v. Oklahoma Natural Gas Co.*, 2001 OK 35, ¶ 12, 27 P.3d 477, 481

¶ 5 Following the teachings of *Deutsche Bank National Trust v. Brumbaugh*, 2012 OK 3, 270 P.3d 151, ¶ 11, where we held:

1. Also at issue was an alleged scriveners error which placed the mortgage lien on land not occupied by the house for which the note and mortgage was allegedly executed. The trial court reformed the mortgage to reflect the legal description asserted by Appellee as the correct tract of land to be encumbered by the mortgage lien, originally executed by the Appellants. This order was filed on November 19, 2010.

2. Summary judgment decisions are reviewed *de novo*, *Carmichael v. Beller*, 1996 OK 48, ¶ 2, 914

To commence a foreclosure action in Oklahoma, a plaintiff must demonstrate it has a right to enforce the note and, absent a showing of ownership, the plaintiff lacks standing. *Gill v. First Nat. Bank & Trust Co. of Oklahoma City*, 1945 OK 181, 159 P.2d 717. Being a person entitled to enforce the note is an essential requirement to initiate a foreclosure lawsuit. In the present case, there is a question of fact as to when Appellee became a holder, and thus, a person entitled to enforce the note. Therefore, summary judgment is not appropriate. If Deutsche Bank became a person entitled to enforce the note as either a holder or nonholder in possession who has the rights of a holder after the foreclosure action was filed, then the case may be dismissed without prejudice and the action may be re-filed in the name of the proper party. We reverse the granting of summary judgment by the trial court and remand back for further determinations as to when Appellee acquired its interest in the note.

See also, *Deutsche Bank v. Matthews*, 2012 OK 14, 273 P.3d 43; *Deutsche Bank v. Richardson*, 2012 OK 15, 273 P.3d 50; and *J.P. Morgan v. Eldridge*, 2012 OK 24, 273 P.3d 62. In the present matter U.S. Bank, N.A., as Trustee filed a non-indorsed copy of the note at every step of the proceedings.[3] We therefore find there is a question of fact as to when U.S. Bank N.A., as Trustee, acquired the note in the instant matter, and we remand this matter back to the trial court for further determination as to if and when U.S. Bank N.A., as Trustee became a person entitled to enforce the note.

## CONCLUSION

¶ 6 It is a fundamental precept of the law to expect a foreclosing party to actually be in possession of its claimed interest in

P.2d 1051, 1053, whereas orders denying or granting a petition to vacate are reviewed for an abuse of discretion, *Patel v. OMH Medical Center, Inc.*, 1999 OK 33 at ¶ 20, 987 P.2d 1185.

3. Since this matter is being remanded on the issue of standing, we therefore will not address the issues raised by the Baber's as they again will have opportunity for all issues, including but not limited to the issue of reformation of the mortgage to be address again in District Court.

the note, and to have the proper supporting documentation in hand when filing suit, showing the history of the note, so that the defendant is duly apprised of the rights of the plaintiff. This is accomplished by showing the party is a holder of the instrument or a nonholder in possession of the instrument who has the rights of a holder, or a person not in possession of the instrument who is entitled to enforce the instrument pursuant to 12A O.S.2001, 3–309 or 12A O.S.2001, 3–418. Likewise, for the homeowners, absent adjudication on the underlying indebtedness, the dismissal cannot cancel their obligation arising from an authenticated note, or insulate them from foreclosure proceedings based on proven delinquency and, therefore, this Court's decision in no way releases or exonerates the debt owed by the defendants on this home. See, *U.S. Bank National Association v. Kimball*, 27 A.3d 1087, 75 UCC Rep.Serv.2d 100, 2011 VT 81 (VT 2011); and *Indymac Bank, F.S.B. v. Yano–Horoski*, 78 A.D.3d 895, 912 N.Y.S.2d 239 (2010).

### REVERSED AND REMANDED WITH INSTRUCTIONS

¶ 7 CONCUR: TAYLOR, C.J., KAUGER, WATT, EDMONDSON, REIF, COMBS, JJ.

¶ 8 CONCUR IN PART; DISSENT IN PART: WINCHESTER (JOINS GURICH, J.), GURICH (BY SEPARATE WRITING), JJ.

¶ 9 RECUSED: COLBERT, V.C.J.

GURICH, J., with whom WINCHESTER, J. joins concurring in part and dissenting in part:

¶ 1 I concur that summary judgment was improper in this case because the trial court

1. *See* Rule 13, *Rules for District Courts of Oklahoma*, 12 O.S. Ch. 2, App. In this case, the Defendants filed a motion for summary judgment. Two days before the hearing on Defendants' motion for summary judgment, the Plaintiff filed a response and a cross-motion for summary judgment. Without giving the Defendants an opportunity to respond to Plaintiff's cross-motion for summary judgment, the trial court held a hearing on both the Defendants' motion for summary judgment and the Plaintiff's cross-motion for summary judgment.

2. Although I originally concurred in the majority opinion in *Deutsche Bank National Trust v. Brumbaugh*, 2012 OK 3, 270 P.3d 151, after

failed to allow Defendants time to respond to Plaintiff's cross-motion for summary judgment,[1] and the Defendants did not receive notice that the Plaintiff had taken a default judgment for reformation and foreclosure against the other defendants in the case. However, because the majority reverses solely on the issue of standing, I respectfully dissent for the reasons stated in my dissenting opinions in *Deutsche Bank National Trust Co. v. Matthews*, 2012 OK 14, 273 P.3d 43 (Gurich, J., dissenting) and *Bank of America, NA v. Kabba*, 2012 OK 23, 276 P.3d 1006 (Gurich, J., dissenting).[2]

further consideration, I disagree with the majority's analysis in that case, and my views on the issues in these cases are accurately reflected in *J.P. Morgan Chase Bank N.A. v. Eldridge*, 2012 OK 24, 273 P.3d 62 (Gurich, J., concurring in part and dissenting in part); *Kabba*, 2012 OK 23, 276 P.3d 1006 (Gurich, J., dissenting); *CPT Asset Backed Certificates, Series 2004–EC1 v. Kham*, 2012 OK 22, 278 P.3d 586 (Gurich, J., dissenting); *Deutsche Bank National Trust Co. v. Richardson*, 2012 OK 15, 273 P.3d 50 (Gurich, J., concurring in part and dissenting in part); and *Matthews*, 2012 OK 14, 273 P.3d 43 (Gurich, J., dissenting).