OSCN Found Document:ONEWEST BANK, F.S.B. v. JACOBS

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 ONEWEST BANK, F.S.B. v. JACOBS
2014 OK CIV APP 72
Case Number: 112308
Decided: 07/25/2014
Mandate Issued: 09/05/2014
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2014 OK CIV APP 72, __ P.3d __

ONEWEST BANK, F.S.B., Plaintiff/Appellee,
v.
MARION JACOBS, Defendant/Appellant,
and
Earnese R. Jacobs, Bank One Financial Services, Gregory Bates, and Cross Country Bank, Defendants.

APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA

HONORABLE DAMAN H. CANTRELL, TRIAL JUDGE

AFFIRMED

James C. Hodges, Joshua M. Tietsort, ELLER AND DETRICH, Tulsa, Oklahoma, for Plaintiff/Appellee,
Marion Jacobs, Tulsa, Oklahoma, Pro Se.

BRIAN JACK GOREE, Judge:

¶1 Defendant/Appellant, Marion M. Jacobs,[1] seeks review of the trial court's order granting summary judgment in favor of Plaintiff/Appellee, OneWest Bank (OWB). Jacobs contends OWB lacks standing to bring this action. We hold that OWB submitted uncontroverted evidence that its predecessor plaintiff was a nonholder in possession of the instrument who had the rights of a holder, and therefore had standing to enforce the note at the time it commenced this action. As the successor in interest and the substituted plaintiff, OWB likewise has standing to enforce the note.

¶2 The Bank of New York (BNY), as Trustee, commenced the action below in 2006 to foreclose a note and mortgage that Jacobs issued to IndyMac Bank, F.S.B. (IndyMac). Attached to the petition was an unendorsed copy of the note. Jacobs answered and counterclaimed for violation of the Federal Truth in Lending Act, breach of the parties' forbearance plan agreement, bad faith, and fraud. In 2009, the trial court granted BNY's motion to substitute OWB as Plaintiff.

¶3 In 2013, OWB moved for summary judgment, attaching the affidavit of its vice president, who stated OWB was in possession of the original note and mortgage and the copies attached to the motion were full, true, and correct copies of the note and mortgage. The copy of the note showed it was indorsed in blank by an IndyMac vice president. The vice president stated that the note was delivered to Bank of New York, as Trustee, to be placed into a securitized trust known as the CWMBS, Inc. Residential Asset Securitization Trust 2006-A6 under a pooling and servicing agreement (PSA). The vice president sponsored an exhibit showing the loan was placed in the trust. He said the PSA provided for the "master servicer" to have the right to enforce the note and mortgage through foreclosure. Initially IndyMac was the master servicer under the PSA. However, after IndyMac failed, the FDIC sold the servicing rights to OWB. The vice president said OWB began servicing the loan on behalf of BNY in 2009 and continued to do so to the present. He stated that Jacobs and IndyMac had entered into a forbearance agreement but Jacobs had failed to make timely payments. He said Jacobs was offered a loan modification in 2009 but had failed to accept it, and the amount remaining unpaid was $112,197.63, plus interest, fees, and costs.

¶4 Jacobs responded and moved for summary judgment in his favor, asserting the record failed to show that OWB was the real party in interest and had been injured. In addition, Jacobs asserted the complaint failed to join the loan originator and loan servicer as indispensable parties, the motion failed to show the facts were undisputed, the vice president's affidavit was not properly sworn and attested to, the exhibits were not authenticated by the original creditor, and he timely submitted payments under the forbearance plan. Jacobs submitted his affidavit stating he entered into an agreement to finance the subject property on July 10, 2000, with a mortgage of $117,900.00. He stated he made payments totaling at least $148,507.00 and set forth other sums he had spent on the property.

¶5 The trial court entered an order granting OWB's motion for summary judgment and denying that of Jacobs. The trial court found the plaintiff had standing at the time the petition was filed and at the time of the entry of judgment. It found Jacobs breached the terms of the note and mortgage by failing to make timely payments. It granted judgment to OWB against Jacob in personam for the unpaid balance plus interest, costs, and fees, and against his wife in rem for foreclosure of the mortgage. It also granted judgment to OWB on Jacob's claims.

¶6 Jacobs appeals, contending OWB lacks standing. In a line of cases in 2012, the Oklahoma Supreme Court addressed the requirements for a mortgagee to have standing to foreclose a note and mortgage. In Deutsche Bank Nat. Trust v. Brumbaugh, 2012 OK 3, ¶9, 270 P.3d 151, 153, the Court stated the plaintiff in a foreclosure action must show it "was a person entitled to enforce the note prior to filing its cause of action for foreclosure." To enforce the note, the plaintiff must be a holder or a nonholder in possession who has the rights of a holder. Id.

¶7 In another of the 2012 cases, CPT Asset Backed Certificates, Series 2004-EC1 v. Cin Kham, 2012 OK 22, ¶18, 278 P.3d 586, 587, the Court applied the Uniform Commercial Code, 12A O.S. 2011 §3-301, in identifying who has standing to enforce a negotiable instrument: "(i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3-309 or subsection (d) of Section 3-418 of this title." A holder is one in possession of a note that is either indorsed to that person or in blank. 12A O.S.2011, §§ 1-201(b)(21), 3-204 and 3-205. A nonholder in possession who has the rights of a holder is one to whom an unindorsed note has been delivered for the purpose of giving that person the right to enforce the instrument. 12A O.S. 2011 3-203(a).

¶8 In the present case, the original plaintiff attached an unindorsed copy of the note to the petition, and the substituted plaintiff attached an indorsed-in-blank copy of the note to the motion for summary judgment. Standing alone, this record would have established a question of fact as to whether the plaintiff was a holder at the time the action was commenced, as in Bank of America, NA v. Kabba, 2012 OK 23, ¶8, 276 P.3d 1006, 1009, and U.S. Bank Nat. Ass'n v. Baber, 2012 OK 55, ¶¶1 and 5, 280 P.3d 956, 957. However, in this case, OWB submitted uncontroverted evidence that IndyMac delivered the note, whether indorsed or not, to BNY for the purpose of giving BNY the right to enforce the instrument pursuant to the PSA. Therefore, BNY was, at worst, a nonholder in possession of the instrument who had the rights of a holder, and had standing to enforce the note at the time it commenced this action. As BNY's successor in interest and the substituted plaintiff, OWB likewise has standing to enforce the note.

¶9 Accordingly, the trial court's order is AFFIRMED.

BELL, P.J., and MITCHELL, J., concur.

FOOTNOTES

[1] Although the petition in error purports to be filed on behalf of both Marion (Mickey) Jacobs and Earnese Jacobs, it is signed only by Marion Jacobs. He is not an attorney and therefore may represent only himself. Massongill v. McDevitt, 1989 OK CIV APP 82, ¶8, 828 P.2d 438, 439.






 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Oklahoma Court of Civil Appeals Cases Cite
Name
Level 1989 OK CIV APP 82, 828 P.2d 438, 63 OBJ 1302, Massongill v. McDevitt
Discussed
Oklahoma Supreme Court Cases Cite
Name
Level 2012 OK 3, 270 P.3d 151, DEUTSCHE BANK NATIONAL TRUST v. BRUMBAUGH
Discussed 2012 OK 22, 278 P.3d 586, CPT ASSET BACKED CERTIFICATES, SERIES 2004-EC1 v. KHAM
Discussed 2012 OK 23, 276 P.3d 1006, BANK OF AMERICA, NA v. KABBA
Discussed 2012 OK 55, 280 P.3d 956, U.S. BANK NATIONAL ASSOCIATION v. BABER
Discussed
Title 12A. Uniform Commercial Code Cite
Name
Level 12A O.S. 1-201, General Definitions and Principles of Interpretation
Cited 12A O.S. 3-301, Person Entitled to Enforce Instrument
Cited