IN RE AMENDMENT OF RULES 1.5 AND 1.200 OF OKLAHOMA SUPREME COURT RULES
2022 OK 70
Decided: 06/27/2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 70, __ P.3d __

 
IN RE: Amendment of Rules1.5 and 1.200 of the Oklahoma Supreme Court Rules
ORDER
¶1 Rules 1.5 and 1.200 are hereby amended as shown on the attached Exhibits "A & B". The amended rule shall be effective July 1, 2022.
¶2 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 27th day of JUNE, 2022.
/S/CHIEF JUSTICE
ALL JUSTICES CONCUR.

 
EXHIBIT A
Oklahoma Statutes Citationized
Title 12. Civil Procedure 
Appendix 1 - Oklahoma Supreme Court Rules
Article Part I. Rules of General Application
Section RULE 1.5 - APPEARANCE, WITHDRWAL, AND CHANGE OF ADDRESS
RULE 1.5 - APPEARANCE, WITHDRAWAL, AND CHANGE OF ADDRESS

(a) Entry of Appearance. All parties to any proceeding in the appellate courts shall immediately, but no later than filing the first document in the appellate court, file an Entry of Appearance on the forms set forth in Rule 1.301, by counsel or an unrepresented party representing himself or herself. Copies shall be served on all other parties. Attorneys shall use the form prescribed by Rule 1.301 Form No. 1, and parties representing themselves shall use the form prescribed by Rule 1.301 Form No. 2. An original and two (2) copies of the Entry of Appearance shall be filed with the Clerk of the Supreme Court.
(b) Corporate entities including corporations and limited liability companies that are parties to actions in the Supreme Court or Court of Civil Appeals shall be allowed to proceed only if represented by counsel licensed to practice law. Regardless of the practice permitted in the trial court or administrative agency, an unlicensed individual, cannot enter an appearance or represent any corporate entity in a case before the Supreme Court or the Court of Civil Appeals. Failure to secure licensed counsel to represent a corporate entity in any proceeding in any appellate court proceeding will result in dismissal of the case or a bar to participate in the proceeding, including striking filings from the record. See, e.g., Massongill v. McDevitt, 1989 OK CIV APP 82, ¶4, 828 P.2d 438.
(c) All motions of counsel not licensed to practice in this state to appear as counsel of record in a case before the Supreme Court or the Court of Civil Appeals must comply with the requirements of 5 O.S., App. 1, Art. 2, § 5, Rules Creating and Controlling the Oklahoma Bar Association. The statement required by Article 2 § 5 shall be in the form of an affidavit attached to the motion. The motion shall show that the requirements of Article 2 § 5 are fulfilled. The required entry of appearance of the associate attorney shall be filed with the motion and affidavit.
(d) (b) Withdrawal of Counsel. A motion to withdraw may be filed at any time. However, unless successor counsel enters an appearance, leave of Court must be obtained for withdrawal. The Court will consider and may grant a motion to withdraw where there is no successor counsel only if the withdrawing attorney clearly states in the body of the motion the name and address of the party and that notice of the motion was given to the party.
(e) (c) Notice of Change of Address. All attorneys and parties representing themselves shall give immediate notice to the Clerk of the Supreme Court of a change of address, including email address, if applicable, using the form prescribed by Rule 1.301 Form No. 3. The notice of change of address shall be served on all parties. If an attorney or a party representing himself or herself files an entry of appearance, the Court will assume the correctness of the last address of record, as defined in section (f) (d), or in the absence of such address change, the address stated in the entry of appearance until a notice of change of address is received.
(f) (d) Address of Record. The address of record, including email address, if applicable, for any attorney or party appearing in a case pending before the Supreme Court, Court of Civil Appeals, or Court of Tax Review, shall be the last address provided to the court. The attorney or party representing himself or herself must, in all cases pending before the court involving the attorney or party, file with the court and serve upon all counsel and parties representing themselves a notice of a change of address. An address change made pursuant to this rule shall apply to all cases pending before the Supreme Court, Court of Civil Appeals, and the Court of Tax Review. The attorney or party representing himself or herself has the duty of maintaining a current address with the courts.

Oklahoma Statutes Citationized
Title 12. Civil Procedure 
Appendix 1 - Oklahoma Supreme Court Rules
Article Part I. Rules of General Application
Section RULE 1.5 - APPEARANCE, WITHDRWAL, AND CHANGE OF ADDRESS
RULE 1.5 - APPEARANCE, WITHDRAWAL, AND CHANGE OF ADDRESS

(a) Entry of Appearance. All parties to any proceeding in the appellate courts shall immediately, but no later than filing the first document in the appellate court, file an Entry of Appearance on the forms set forth in Rule 1.301, by counsel or an unrepresented party representing himself or herself. Copies shall be served on all other parties. Attorneys shall use the form prescribed by Rule 1.301 Form No. 1, and parties representing themselves shall use the form prescribed by Rule 1.301 Form No. 2. An original and two (2) copies of the Entry of Appearance shall be filed with the Clerk of the Supreme Court.
(b) Corporate entities including corporations and limited liability companies that are parties to actions in the Supreme Court or Court of Civil Appeals shall be allowed to proceed only if represented by counsel licensed to practice law. Regardless of the practice permitted in the trial court or administrative agency, an unlicensed individual, cannot enter an appearance or represent any corporate entity in a case before the Supreme Court or the Court of Civil Appeals. Failure to secure licensed counsel to represent a corporate entity in any proceeding in any appellate court proceeding will result in dismissal of the case or a bar to participate in the proceeding, including striking filings from the record. See, e.g., Massongill v. McDevitt, 1989 OK CIV APP 82, ¶4, 828 P.2d 438.
(c) All motions of counsel not licensed to practice in this state to appear as counsel of record in a case before the Supreme Court or the Court of Civil Appeals must comply with the requirements of 5 O.S., App. 1, Art. 2, § 5, Rules Creating and Controlling the Oklahoma Bar Association. The statement required by Article 2 § 5 shall be in the form of an affidavit attached to the motion. The motion shall show that the requirements of Article 2 § 5 are fulfilled. The required entry of appearance of the associate attorney shall be filed with the motion and affidavit.
(d) (b) Withdrawal of Counsel. A motion to withdraw may be filed at any time. However, unless successor counsel enters an appearance, leave of Court must be obtained for withdrawal. The Court will consider and may grant a motion to withdraw where there is no successor counsel only if the withdrawing attorney clearly states in the body of the motion the name and address of the party and that notice of the motion was given to the party.
(e) (c) Notice of Change of Address. All attorneys and parties representing themselves shall give immediate notice to the Clerk of the Supreme Court of a change of address, including email address, if applicable, using the form prescribed by Rule 1.301 Form No. 3. The notice of change of address shall be served on all parties. If an attorney or a party representing himself or herself files an entry of appearance, the Court will assume the correctness of the last address of record, as defined in section (f) (d), or in the absence of such address change, the address stated in the entry of appearance until a notice of change of address is received.
(f) (d) Address of Record. The address of record, including email address, if applicable, for any attorney or party appearing in a case pending before the Supreme Court, Court of Civil Appeals, or Court of Tax Review, shall be the last address provided to the court. The attorney or party representing himself or herself must, in all cases pending before the court involving the attorney or party, file with the court and serve upon all counsel and parties representing themselves a notice of a change of address. An address change made pursuant to this rule shall apply to all cases pending before the Supreme Court, Court of Civil Appeals, and the Court of Tax Review. The attorney or party representing himself or herself has the duty of maintaining a current address with the courts.

 
EXHIBIT B
Oklahoma Statutes Citationized
Title 12. Civil Procedure 
Appendix 1 - Oklahoma Supreme Court Rules
Article Part VII. Manner and Form of Opinions in the Appellate Courts
Section RULE 1.200 - OPINIONS OF THE SUPREME COURT AND THE COURT OF CIVIL APPEALS
12 O.S. Appendix 1, Oklahoma Supreme Court Rules
Rule 1.200 - OPINIONS OF THE SUPREME COURT AND THE COURT OF CIVIL APPEALS
(a) Official Version of Published Decisions
(1) Effective January 1, 2014 the Oklahoma Supreme Court will become the official publisher of decisions of the Oklahoma Supreme Court and the Oklahoma Court of Civil Appeals. The Oklahoma State Courts Network at www.oscn.net shall be the repository of official versions of the published decisions of the Oklahoma Supreme Court and the Oklahoma Court of Civil Appeals. Such decisions will become official upon the placement of the respective court's official seal at the beginning of the published decision.
(2) The Oklahoma Bar Journal, West Publishing Company, and other publishers will continue to be unofficial publishers of decisions of the Oklahoma Supreme Court and the Oklahoma Court of Civil Appeals. 
(b) Memorandum Opinions.
An opinion shall be prepared in memorandum form unless it:
(1) Establishes a new rule of law or alters or modifies an existing rule; 
(2) Involves a legal issue of continuing public interest; 
(3) Criticizes or explains existing law; 
(4) Applies an established rule of law to a factual situation significantly different from that in published opinions of the courts of this state; 
(5) Resolves an apparent conflict of authority; or 
(6) Constitutes a significant and non-duplicative contribution to legal literature: 

(a) by an historical review of law; or 
(b) by describing legislative history. 

(c) Publication of Memorandum Opinions and Unpublished Opinions.
(1) Opinions shall be published on the Oklahoma State Courts Network only when they satisfy the standards set out in this rule. Disposition by memorandum, without a formal published opinion, does not mean that the case is considered unimportant. It does mean that no new points of law making the decision of value as precedent are believed to be involved. A memorandum opinion shall not be published unless it is ordered to be published by the Supreme Court.
(2) A party or other interested person who believes that an opinion of either the Supreme Court or Court of Civil Appeals which has not been designated by the Court for publication has substantial precedential value may file a motion in the Supreme Court. The motion asking that it be published shall be filed not later than 20 days after the issuance of the mandate in that case. The filing of the motion shall not affect the issuance of the mandate. The motion shall state the grounds for such belief, shall be accompanied by a copy of the opinion, and shall comply with Rule 1.6. 
(3) No party or other interested person may request the publication of any Court of Civil Appeals opinion unless certiorari review was first timely sought by a party, pursuant to Rule 1.179, prior to the request for publication. Motions to withdraw an opinion from publication are subject to the same limitations set forth in (c) (2) & (3). 
[The remaining paragraphs are re-numbered.]
(4)(3) Regardless of the foregoing, no opinion superseded by an opinion on rehearing shall be published. An opinion that is modified on rehearing shall be published as modified if it otherwise meets the standards of this rule.
(5)(4) An opinion shall be published only if the majority of the justices or judges participating in the decision find that one of the standards set out in this rule is satisfied. Concurring and dissenting opinions shall be published only if the majority opinion is published.
(6) (5) All memorandum opinions, unless otherwise required to be published, shall be marked: "Not for Official Publication." Because unpublished opinions are deemed to be without value as precedent and are not uniformly available to all parties, opinions so marked shall not be considered as precedent by any court. or cited in any brief or other material presented to any court, except to support a claim of res judicata, collateral estoppel, or law of the case. Any brief or other material presented to any court which includes a reference or citation to an unpublished opinion, shall also include a copy or hyper-link to the unpublished opinion. Opinions marked Not For Official Publication shall not be published on the Oklahoma State Courts Network, nor in the Oklahoma Bar Journal.
(7) (6) An opinion designated For Publication in O.B.J. Only shall be published on the Oklahoma State Courts Network . Such an opinion shall not be released for publication in any unofficial reporter other than the Oklahoma Bar Journal. An opinion designated For Publication in O.B.J. Only shall not be considered as precedent.
(8) (7) Disposition of cases by the Oklahoma Supreme Court in which there is no published opinion will be reported in the Oklahoma Bar Journal by brief reference to the case and the decision reached therein on appeal. The opinion in the matter shall not be published in the Oklahoma Bar Journal, or on the Oklahoma State Courts Network or any other unofficial reporter. The decision and reference may be published on the Oklahoma State Courts Network as a Disposition of Cases Other Than by Published Opinion. The decision and reference shall not be in paragraph citation form and shall not be considered as precedential.
(9) (8) Disposition of cases by the Oklahoma Court of Civil Appeals in which there is no published opinion will be reported in the Oklahoma Bar Journal by brief reference to the case and the decision reached therein on appeal. The decision and reference shall not be in paragraph citation form and shall not be considered as precedential. The Chief Justice of the Oklahoma Supreme Court may designate a procedure for publishing such dispositions on the Oklahoma State Courts Network.
(d) Effect of Publication of Formal Opinion.
(1) Opinions of the Supreme Court designated For Official Publication when adopted will be published in the Oklahoma Bar Journal, and on the Oklahoma State Courts Network. Such opinions may not be cited as authority in a subsequent appellate opinion nor may they be used as authority by a trial court until the mandate in the matter has been issued and/or the court's official seal has been placed at the beginning of the published decision. 
(2) Opinions of the Court of Civil Appeals which resolve novel or unusual issues may be designated for publication, at the time the opinion is adopted, by affirmative vote of at least two members of the division responsible for the opinion. Such opinions shall remain unpublished until after mandate issues, after which time they shall be published in the Oklahoma Bar Journal, the Oklahoma State Courts Network , and in any unofficial reporter. Such opinions shall bear the notation "Released for publication by order of the Court of Civil Appeals", and shall be considered to have persuasive effect. Any such opinion, however, bearing the notation "Approved for publication by the Supreme Court" has been so designated by the Supreme Court pursuant to 20 O.S. § 30.5, and shall be accorded precedential value. The Supreme Court retains the power to order opinions of the Court of Civil Appeals withdrawn from publication. 
(e) Oklahoma State Courts Network.
Opinions of the Supreme Court designated for official publication shall be published on the Oklahoma State Courts Network. They shall be published on the web site when filed with the Clerk of the Supreme Court. 
Supreme Court opinions shall contain the following notice: "NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL." Such opinions may not be cited as authority in a subsequent appellate opinion nor may they be used as authority by a trial court until the mandate in the matter has been issued. The date of the effectiveness of opinions in original proceedings is governed by Okla.Sup.Ct.R. 1.193. When opinions published on the web site are modified or withdrawn the text of the opinion shall be deleted and any subsequent opinion in the matter shall be published on the web site if it meets the requirements of Rule 1.200.
Opinions of the Oklahoma Court of Civil Appeals designated for official publication by either the Supreme Court or the Court of Civil Appeals shall be published on the Oklahoma State Courts Network. An opinion of the Court of Civil Appeals shall not be published on the web site until mandate has issued in the matter. An opinion of the Court of Civil Appeals published on the web site is governed by Rule 1.200(c)(2) and is accorded precedential value only if it bears the notation "Approved for Publication by the Supreme Court". 
The Oklahoma Supreme Court may publish on the web site Dispositions by Supreme Court of Petitions for Certiorari. These dispositions shall not be for official publication, and they shall not have a paragraph citation form. A disposition of the Oklahoma Supreme Court that denies a petition for certiorari to the Oklahoma Court of Civil Appeals has no precedential effect. The Supreme Court may also publish lists of mandates issued and any other matter deemed appropriate by the Court.
(f) Citation to Designation by Supreme Court and Reporters.
Published opinions of the Oklahoma Supreme Court and the Court of Civil Appeals shall bear as an official cite the Oklahoma Supreme Court's paragraph citation form in accordance with this Rule. Opinions of the Oklahoma Court of Civil Appeals that are published shall bear as an official citation form the Oklahoma Supreme Court's paragraph citation form in accordance with this Rule. The numbers of the paragraphs are assigned by the Court. The parallel cite to the Pacific reporter is also required.
The court designation for the Oklahoma Supreme Court is "OK". The Court designation for the Oklahoma Court of Civil Appeals is "OK CIV APP". The court designation for Court of Appeals of Indian Territory is "IT".
By way of example "Skinner v. Braum's Ice Cream Store, 1995 OK 11, ¶9, 890 P.2d 922" "1995" refers to the year the opinion was promulgated, "OK" is the court designation for the Oklahoma Supreme Court, "11" is the number of the opinion in 1995 assigned to that opinion by the Oklahoma Supreme Court, "¶9" is paragraph number 9 of the opinion as designated by the Supreme Court, and "890 P.2d 922" is the parallel citation to Pacific 2d Reporter.
1. Oklahoma Supreme Court Opinions
Opinions shall be cited by reference to the Supreme Court's official paragraph citation form. Parallel citation to Pacific Reporters is required. The parallel cite to Pacific Reporter may include a cite to the specific page of that Reporter if a specific paragraph is cited. When the Supreme Court paragraph citation form is used citation to a footnote need not include the paragraph number where the note occurs in the opinion.
Examples of citation form: 
Skinner v. Braum's Ice Cream Store, 1995 OK 11, 890 P.2d 922. 
Skinner v. Braum's Ice Cream Store, 1995 OK 11, ¶9, 890 P.2d 922. 
Skinner v. Braum's Ice Cream Store, 1995 OK 11, ¶9, 890 P.2d 922, 925. 
Skinner v. Braum's Ice Cream Store, 1995 OK 11, n. 10, 890 P.2d 922. 
An opinion cited subsequent to issuance of the mandate therein but prior to official publication shall be cited using the following as an example: Wilkinson v. Dean Witter Reynolds, Inc., 1997 OK 20, ____P.2d____, (mandate issued April 3, 1997).
In a matter where no mandate issues an opinion may be cited prior to official publication when the time to file a petition for rehearing has lapsed and no petition for rehearing was filed. The following is an example: Edwards v. Basel Pharmaceuticals, 1997 OK 22, ____P.2d____, (petition for rehearing not filed). 
2. Opinions of the Oklahoma Court of Civil Appeals.
Published opinions of the Oklahoma Court of Civil Appeals shall be cited by reference to the Supreme Court's official paragraph citation form. Parallel citation to Pacific Reporters is required. Opinions of the Court of Civil Appeals are subject to the other provisions of Rule 1.200. 
3. Citation to Opinions Supported by Less Than a Majority.
The paragraph citation form is also used to designate material in a published opinion where that opinion is supported by less than a majority of the members of the Supreme Court. When material from such an opinion is cited the name of the author, names of any Justices joining the opinion, and the type of opinion must be designated in the cite. For example, to cite paragraph number nine of the dissenting opinion in Edwards v. Basel Pharmaceuticals, 1997 OK 22, ___P.2d___. The correct citation form is: Edwards v. Basel Pharmaceuticals, 1997 OK 22, ¶9, ___P.2d___, (Opala, J., dissenting in part). A footnote of this dissenting opinion is cited thus: Edwards v. Basel Pharmaceuticals, 1997 OK 22, n.12, ___P.2d___, (Opala, J., dissenting in part). A published opinion, or part thereof, of the Supreme Court has no precedential effect unless a majority of the Court have joined therein. 
Historical Data 

 
Oklahoma Statutes Citationized
Title 12. Civil Procedure 
Appendix 1 - Oklahoma Supreme Court Rules
Article Part VII. Manner and Form of Opinions in the Appellate Courts
Section RULE 1.200 - OPINIONS OF THE SUPREME COURT AND THE COURT OF CIVIL APPEALS
(a) Official Version of Published Decisions
(1) Effective January 1, 2014 the Oklahoma Supreme Court will become the official publisher of decisions of the Oklahoma Supreme Court and the Oklahoma Court of Civil Appeals. The Oklahoma State Courts Network at www.oscn.net shall be the repository of official versions of the published decisions of the Oklahoma Supreme Court and the Oklahoma Court of Civil Appeals. Such decisions will become official upon the placement of the respective court's official seal at the beginning of the published decision.
(2) The Oklahoma Bar Journal, West Publishing Company, and other publishers will continue to be unofficial publishers of decisions of the Oklahoma Supreme Court and the Oklahoma Court of Civil Appeals. 
(b) Memorandum Opinions.
An opinion shall be prepared in memorandum form unless it:
(1) Establishes a new rule of law or alters or modifies an existing rule; 
(2) Involves a legal issue of continuing public interest; 
(3) Criticizes or explains existing law; 
(4) Applies an established rule of law to a factual situation significantly different from that in published opinions of the courts of this state; 
(5) Resolves an apparent conflict of authority; or 
(6) Constitutes a significant and non-duplicative contribution to legal literature: 
(a) by an historical review of law; or 
(b) by describing legislative history. 
(c) Publication of Memorandum Opinions and Unpublished Opinions.
(1) Opinions shall be published on the Oklahoma State Courts Network only when they satisfy the standards set out in this rule. Disposition by memorandum, without a formal published opinion, does not mean that the case is considered unimportant. It does mean that no new points of law making the decision of value as precedent are believed to be involved. A memorandum opinion shall not be published unless it is ordered to be published by the Supreme Court.
(2) A party or other interested person who believes that an opinion of either the Supreme Court or Court of Civil Appeals which has not been designated by the Court for publication has substantial precedential value may file a motion in the Supreme Court. The motion asking that it be published shall be filed not later than 20 days after the issuance of the mandate in that case. The filing of the motion shall not affect the issuance of the mandate. The motion shall state the grounds for such belief, shall be accompanied by a copy of the opinion, and shall comply with Rule 1.6. 
(3) No party or other interested person may request the publication of any Court of Civil Appeals opinion unless certiorari review was first timely sought by a party, pursuant to Rule 1.179, prior to the request for publication. Motions to withdraw an opinion from publication are subject to the same limitations set forth in (c) (2) & (3). 
(4) Regardless of the foregoing, no opinion superseded by an opinion on rehearing shall be published. An opinion that is modified on rehearing shall be published as modified if it otherwise meets the standards of this rule.
(5) An opinion shall be published only if the majority of the justices or judges participating in the decision find that one of the standards set out in this rule is satisfied. Concurring and dissenting opinions shall be published only if the majority opinion is published.
(6) All memorandum opinions, unless otherwise required to be published, shall be marked: "Not for Official Publication." Because unpublished opinions are deemed to be without value as precedent and are not uniformly available to all parties, opinions so marked shall not be considered as precedent by any court. Any brief or other material presented to any court which includes a reference or citation to an unpublished opinion, shall also include a copy or hyper-link to the unpublished opinion. Opinions marked Not For Official Publication shall not be published on the Oklahoma State Courts Network, nor in the Oklahoma Bar Journal.
(7) An opinion designated For Publication in O.B.J. Only shall be published on the Oklahoma State Courts Network . Such an opinion shall not be released for publication in any unofficial reporter other than the Oklahoma Bar Journal. An opinion designated For Publication in O.B.J. Only shall not be considered as precedent.
(8) Disposition of cases by the Oklahoma Supreme Court in which there is no published opinion will be reported in the Oklahoma Bar Journal by brief reference to the case and the decision reached therein on appeal. The opinion in the matter shall not be published in the Oklahoma Bar Journal, or on the Oklahoma State Courts Network or any other unofficial reporter. The decision and reference may be published on the Oklahoma State Courts Network as a Disposition of Cases Other Than by Published Opinion. The decision and reference shall not be in paragraph citation form and shall not be considered as precedential.
(9) Disposition of cases by the Oklahoma Court of Civil Appeals in which there is no published opinion will be reported in the Oklahoma Bar Journal by brief reference to the case and the decision reached therein on appeal. The decision and reference shall not be in paragraph citation form and shall not be considered as precedential. The Chief Justice of the Oklahoma Supreme Court may designate a procedure for publishing such dispositions on the Oklahoma State Courts Network.
(d) Effect of Publication of Formal Opinion.
(1) Opinions of the Supreme Court designated For Official Publication when adopted will be published in the Oklahoma Bar Journal, and on the Oklahoma State Courts Network. Such opinions may not be cited as authority in a subsequent appellate opinion nor may they be used as authority by a trial court until the mandate in the matter has been issued and/or the court's official seal has been placed at the beginning of the published decision. 
(2) Opinions of the Court of Civil Appeals which resolve novel or unusual issues may be designated for publication, at the time the opinion is adopted, by affirmative vote of at least two members of the division responsible for the opinion. Such opinions shall remain unpublished until after mandate issues, after which time they shall be published in the Oklahoma Bar Journal, the Oklahoma State Courts Network , and in any unofficial reporter. Such opinions shall bear the notation "Released for publication by order of the Court of Civil Appeals", and shall be considered to have persuasive effect. Any such opinion, however, bearing the notation "Approved for publication by the Supreme Court" has been so designated by the Supreme Court pursuant to 20 O.S. § 30.5, and shall be accorded precedential value. The Supreme Court retains the power to order opinions of the Court of Civil Appeals withdrawn from publication. 
(e) Oklahoma State Courts Network.
Opinions of the Supreme Court designated for official publication shall be published on the Oklahoma State Courts Network. They shall be published on the web site when filed with the Clerk of the Supreme Court. 
Supreme Court opinions shall contain the following notice: "NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL." Such opinions may not be cited as authority in a subsequent appellate opinion nor may they be used as authority by a trial court until the mandate in the matter has been issued. The date of the effectiveness of opinions in original proceedings is governed by Okla.Sup.Ct.R. 1.193. When opinions published on the web site are modified or withdrawn the text of the opinion shall be deleted and any subsequent opinion in the matter shall be published on the web site if it meets the requirements of Rule 1.200.
Opinions of the Oklahoma Court of Civil Appeals designated for official publication by either the Supreme Court or the Court of Civil Appeals shall be published on the Oklahoma State Courts Network. An opinion of the Court of Civil Appeals shall not be published on the web site until mandate has issued in the matter. An opinion of the Court of Civil Appeals published on the web site is governed by Rule 1.200(c)(2) and is accorded precedential value only if it bears the notation "Approved for Publication by the Supreme Court". 
The Oklahoma Supreme Court may publish on the web site Dispositions by Supreme Court of Petitions for Certiorari. These dispositions shall not be for official publication, and they shall not have a paragraph citation form. A disposition of the Oklahoma Supreme Court that denies a petition for certiorari to the Oklahoma Court of Civil Appeals has no precedential effect. The Supreme Court may also publish lists of mandates issued and any other matter deemed appropriate by the Court.
(f) Citation to Designation by Supreme Court and Reporters.
Published opinions of the Oklahoma Supreme Court and the Court of Civil Appeals shall bear as an official cite the Oklahoma Supreme Court's paragraph citation form in accordance with this Rule. Opinions of the Oklahoma Court of Civil Appeals that are published shall bear as an official citation form the Oklahoma Supreme Court's paragraph citation form in accordance with this Rule. The numbers of the paragraphs are assigned by the Court. The parallel cite to the Pacific reporter is also required.
The court designation for the Oklahoma Supreme Court is "OK". The Court designation for the Oklahoma Court of Civil Appeals is "OK CIV APP". The court designation for Court of Appeals of Indian Territory is "IT".
By way of example "Skinner v. Braum's Ice Cream Store, 1995 OK 11, ¶9, 890 P.2d 922" "1995" refers to the year the opinion was promulgated, "OK" is the court designation for the Oklahoma Supreme Court, "11" is the number of the opinion in 1995 assigned to that opinion by the Oklahoma Supreme Court, "¶9" is paragraph number 9 of the opinion as designated by the Supreme Court, and "890 P.2d 922" is the parallel citation to Pacific 2d Reporter.
1. Oklahoma Supreme Court Opinions
Opinions shall be cited by reference to the Supreme Court's official paragraph citation form. Parallel citation to Pacific Reporters is required. The parallel cite to Pacific Reporter may include a cite to the specific page of that Reporter if a specific paragraph is cited. When the Supreme Court paragraph citation form is used citation to a footnote need not include the paragraph number where the note occurs in the opinion.
Examples of citation form: 
Skinner v. Braum's Ice Cream Store, 1995 OK 11, 890 P.2d 922. 
Skinner v. Braum's Ice Cream Store, 1995 OK 11, ¶9, 890 P.2d 922. 
Skinner v. Braum's Ice Cream Store, 1995 OK 11, ¶9, 890 P.2d 922, 925. 
Skinner v. Braum's Ice Cream Store, 1995 OK 11, n. 10, 890 P.2d 922. 
An opinion cited subsequent to issuance of the mandate therein but prior to official publication shall be cited using the following as an example: Wilkinson v. Dean Witter Reynolds, Inc., 1997 OK 20, ____P.2d____, (mandate issued April 3, 1997).
In a matter where no mandate issues an opinion may be cited prior to official publication when the time to file a petition for rehearing has lapsed and no petition for rehearing was filed. The following is an example: Edwards v. Basel Pharmaceuticals, 1997 OK 22, ____P.2d____, (petition for rehearing not filed). 
2. Opinions of the Oklahoma Court of Civil Appeals.
Published opinions of the Oklahoma Court of Civil Appeals shall be cited by reference to the Supreme Court's official paragraph citation form. Parallel citation to Pacific Reporters is required. Opinions of the Court of Civil Appeals are subject to the other provisions of Rule 1.200. 
3. Citation to Opinions Supported by Less Than a Majority.
The paragraph citation form is also used to designate material in a published opinion where that opinion is supported by less than a majority of the members of the Supreme Court. When material from such an opinion is cited the name of the author, names of any Justices joining the opinion, and the type of opinion must be designated in the cite. For example, to cite paragraph number nine of the dissenting opinion in Edwards v. Basel Pharmaceuticals, 1997 OK 22, ___P.2d___. The correct citation form is: Edwards v. Basel Pharmaceuticals, 1997 OK 22, ¶9, ___P.2d___, (Opala, J., dissenting in part). A footnote of this dissenting opinion is cited thus: Edwards v. Basel Pharmaceuticals, 1997 OK 22, n.12, ___P.2d___, (Opala, J., dissenting in part). A published opinion, or part thereof, of the Supreme Court has no precedential effect unless a majority of the Court have joined therein. 
Historical Data